In Matter of the Application of NUNZIO DISPENZA, Petitioner, for an Order against ST. JOHN'S CEMETERY, INC., and Others, Respondents.

Supreme Court, Special Term, Kings County, December 20, 1939.

*J. C. Danzilo*, for the petitioner.

*Gray & Tomlin* [*Franklin M. Tomlin* of counsel], for the respondents.

WENZEL, J.   This is an application for leave to open a grave and examine two bodies.   The circumstances under which the application is made are most unusual.

The petitioner purchased from the cemetery corporation a plot upon which to erect a mausoleum and wherein there were later entombed the bodies of his mother and father.   During his absence for some years in California, someone representing himself as being the petitioner sold the mausoleum, removing the bodies of the

petitioner's father and mother and placing them in a grave purchased in the name of the petitioner. These facts now coming to light, petitioner seeks to open this grave to remove the bodies of his mother and father and determine whether there has been a further despoilment and desecration in removing them from the expensive metal caskets in which they were originally interred.

The respondent cemetery company says it has no objection to the removal by the petitioner of the remains of his parents, but contends that he must proceed under the provisions of the Membership Corporations Law relative to cemeteries. The provisions of this law in regard to disinterment are: (1) The consent of the cemetery corporation. (This is given in its papers.) (2) Written consent of the owners of the lot (§ 89).

The respondent cemetery company contends that since the petitioner did not buy the lot he is not the owner (although it was purchased in his name) and that he must find out and get the consent of the purchaser, who was the one who perpetrated the outrage, and is not likely to make himself easy to find.

This contention is too ridiculous to discuss at length. The purchaser of this grave purchased it in furtherance of his scheme to pass himself off as Nunzio Dispenza and to dispose of the bodies of Dispenza's parents; though the interloper paid the purchase price he bought it for the petitioner Nunzio Dispenza, who is now the owner of said plot. Certainly the perpetrator of this vile scheme has no rights in this matter which the court must protect.

The respondent also contends that since there was a half-brother of the petitioner, a child of his mother by another marriage, his consent must be obtained on notice given to him. Petitioner swears that he has not seen this brother for years, and believes him to be dead. The law provides that where the notice therein required cannot be given or consent obtained, permission of the Supreme Court shall be sufficient.

Motion granted. Settle order on notice.