■ In the Matter of MARLA A. BAND, Appellant. DISTRICT

ATTORNEY, NASSAU COUNTY, Respondent.—In a proceeding pursuant to Not-For-Profit Corporation Law § 1510 (e), petitioner appeals from a judgment of the Supreme Court, Nassau County (Murphy, J.), dated January 4, 1985, which denied her application for an order permitting the exhumation of her mother's body for the purpose of performing an autopsy.

Judgment affirmed, with costs.

Petitioner seeks to have her mother's body exhumed and reautopsied in order to determine the exact cause of death. Although an autopsy previously established that the death was caused by "asphyxia by unspecified means" and petitioner's father has been convicted of the murder of the deceased, petitioner contends that the procedures followed during the autopsy were inadequate to rule out the possibility of death by accidental means.

"Good and substantial reasons" must be shown before a court will sanction disinterment (Matter of Currier [Woodlawn Cemetery], 300 NY 162, 164). A court, in exercising a " 'benevolent discretion' ", must consider all the facts and circumstances peculiar to each case (Matter of Currier [Woodlawn Cemetery], supra, p 164). In the case at bar, petitioner has stated that exhumation is necessary to answer questions concerning her mother's death. The petition has been opposed by the deceased's father and brother, on personal and religious grounds, and by the District Attorney's office, which points out that petitioner's questions concerning the autopsy and death were already considered and resolved by the jury which convicted petitioner's father of murder.

We agree with Special Term that petitioner has not shown the "good and substantial reasons" required to justify disinterment. Her reason for seeking exhumation, to ascertain the cause of death, has already been determined by a jury after a full trial. Since it cannot be stated with any degree of certainty that a second autopsy, to be conducted more than five years after the death, will yield results which are both different from and more conclusive than the first, we cannot find that petitioner's interest in having a second autopsy performed outweighs the interest of the deceased's father and brother in having her remains left undisturbed. Under these circumstances, it cannot be said that Special Term's denial of the petition was an improper exercise of discretion. Gibbons, J. P., Weinstein, Eiber and Kooper, JJ., concur.