■ In the Matter of THEREAS ISOLA, Appellant, v MICHAEL SIANI et al., Respondents.—In a proceeding pursuant to Not-For-Profit Corporation Law § 1401 (b) (b) to disinter and reinter the remains of Antonio Siani, the petitioner appeals from a judgment of the Supreme Court, Richmond County (Amann, J.), entered March 15, 1990, which dismissed the proceeding.

Ordered that the judgment is affirmed, without costs or disbursements.

In April 1958, when Antonio Siani's son Daniel died, the elder Siani purchased a burial plot in St. Peter's Cemetery on Staten Island and interred his son there. He also gave title to the burial plot to his son's widow, Josephine Siani. When the elder Siani died five years later, he was buried beside his son.

In May 1989 Filomena Siani, Antonio's widow, died, and the application by her sole surviving daughter, the petitioner, to have her mother buried with her father in St. Peter's Cemetery was denied by Josephine Siani. Thereafter, the petitioner purchased a plot for her mother in the Moravian Cemetery on Staten Island, and brought this petition to have her father's remains removed there to lie beside her mother's. To the petitioner's insistence that her father wished to be buried with her mother, the respondents countered that Antonio Siani wished to be buried with his son.

We concur with the Supreme Court, Richmond County, that the petitioner has not met her burden of showing "good and substantial reasons" why the repose of the deceased should be disturbed *(Matter of Currier [Woodlawn Cemetery]*, 300 NY 162, 164). At his death, Antonio was, apparently by his own wish, buried with his son, and neither his widow nor his daughter opposed such interment. Nor did Antonio's widow make provision during the 26 years that she survived her husband to be buried with him *(cf., Matter of Bertheas,* 277 App Div 984; *Matter of Brand v Elmwier Cemetery Assn.,* 59 Misc 2d 408, 412; *Matter of Von Gross,* 56 Misc 2d 275, 278; *Matter of Baron,* 140 NYS2d 279). Under such circumstances, "a court of equity should not lend its aid in a family quarrel of this character in disturbing the repose of the dead" *(Matter of Ackermann,* 124 App Div 684, 686). Mangano, P. J., Lawrence, Rosenblatt and Copertino, JJ., concur.