■ In the Matter of KENNETH R. DUTCHER, SR., et al., Appellants, v BEVERLY PARADISE, Respondent. [629 NYS2d 501] —White, J. Appeal from an order of the Supreme Court (Dier, J.), entered June 24, 1994 in Warren County, which, inter alia, dismissed petitioners' application pursuant to Public Health Law §§ 4144 and 4145 for the disinterment, removal and reinterment of the remains of Kenneth R. Dutcher, Jr.

When Kenneth R. Dutcher, Jr. (hereinafter decedent) died on December 23, 1993, petitioner Kenneth R. Dutcher, Sr., decedent's father, and respondent, his mother, allegedly agreed that in the spring of 1994 he would be interred in the Dutcher family plot located in Prospect Hill Cemetery in the Town of Argyle, Washington County. Despite the alleged agreement, in February 1994 respondent had decedent buried in a plot located in St. Mary's Cemetery in the Village of South Glens Falls, Saratoga County, where she will be buried and which is apparently owned by her present husband's family. Thereafter, petitioners made this application seeking permission to disin-

ter and reinter decedent in Prospect Hill Cemetery. Supreme Court dismissed the application without an evidentiary hearing. This appeal ensued following the denial of petitioners' motion for leave to reargue.

At the outset we note that an application to disinter is governed by N-PCL 1510 (e) rather than Public Health Law §§ 4144 and 4145. N-PCL 1510 (e) provides, in pertinent part, that a body may be disinterred with the permission of the cemetery corporation and the written consent of the owner of the cemetery lot, the surviving wife, husband, adult children and the parents of the deceased. If the necessary consents cannot be obtained, an application for permission to disinter can be made to the court on notice to the cemetery corporation and the persons not consenting (see, N-PCL 1510 [e]). Here, there is no proof that petitioners obtained the consent of the cemetery corporation and the owner of the lot or that these entities were given notice of this application. Thus, in view of these procedural infirmities, Supreme Court was foreclosed from granting affirmative relief to petitioners (see, Matter of Conroy, 129 AD2d 849, 850).

Turning to the substantive issues, petitioners' sole contention on this appeal is that Supreme Court erred in dismissing their petition without an evidentiary hearing. Inasmuch as an application under N-PCL 1510 (e) is analogous to a special proceeding (see, Matter of Conroy, 138 AD2d 212, 215, lv dismissed 73 NY2d 810), an evidentiary hearing is required only where the papers and pleadings raise a material issue of fact (see, Matter of Aetna Cas. & Sur. Co. v Carter, 204 AD2d 441, 443; Matter of Jones v Marcy, 135 AD2d 887, 888).

The only issue before Supreme Court was whether there were good and substantial reasons for it to exercise its benevolent discretion to permit petitioners to disturb the quiet of decedent's grave (see, Matter of Currier, 300 NY 162, 164; Matter of Isola v Siani, 178 AD2d 599). In great measure the resolution of this issue is governed by the wishes of the decedent (see, Matter of Currier, supra, at 164; Matter of Conroy, supra, at 214).

Our review of the record shows that petitioners' proof consisted of a conclusory statement in their petition that the burial of decedent in St. Mary's Cemetery was against his wishes. They also produced a letter written by respondent to petitioner in June 1993 stating that "Kennys [sic] has said if anything happens to him he wants to be with his grandparents". In contrast, respondent submitted her affidavit, as well as affidavits by her present husband, decedent's brother Marc

Bovee and Bovee's roommate, stating that decedent expressed to them his desire to be buried with his mother. Decedent's relationship to his mother is further exemplified by the fact that she cared for him during his final illness without assistance from petitioner and that decedent executed a power of attorney and health care proxy in her favor. The record further shows that decedent was a lay catechist in St. Mary's Roman Catholic Church in the Village of Hudson Falls, Washington County, which indicates that, in accordance with the tenets of his faith, he would undoubtedly prefer to be buried in St. Mary's Cemetery, which has been consecrated by the Roman Catholic Church, rather than in the unconsecrated Prospect Hill Cemetery.

We concur with Supreme Court that this record clearly establishes that decedent wished to be buried with his mother in St. Mary's Cemetery. Therefore, in the absence of convincing proof from petitioners creating a material issue of fact on this point, Supreme Court did not err in dismissing the application without a hearing. Accordingly, we affirm.

Cardona, P. J., Mikoll, Casey and Spain, JJ., concur. Ordered that the order is affirmed, without costs.