In the Matter of Jon A. Briggs, as Executor of Harvey D. Briggs, Deceased, Appellant, v Alicia Hemstreet-Briggs, Respondent. [681 NYS2d 853] —Carpinello, J. Appeal from a judgment of the Supreme Court (Best, J.), entered August 29, 1997 in Montgomery County, which denied petitioner's application pursuant to N-PCL 1510 (e) to disinter decedent's body.

Five events during a four-year period have culminated in the instant proceeding seeking the disinterment of the remains of Harvey D. Briggs (hereinafter decedent). On January 23, 1992, decedent's wife of nearly 50 years died and was buried in the Briggs family plot in the Cobleskill Cemetery in the Village of Cobleskill, Schoharie County. This plot, as well as a joint headstone placed thereon containing, *inter alia*, decedent's name and date of birth, was purchased some time after his wife's death. On September 24, 1993, decedent executed a "Last Will and Testament" in which he expressed his desire to be buried "in the family plot at the Cobleskill Cemetery". Less then nine months later (on June 4, 1994), decedent married respondent and 19 months thereafter (on January 2, 1996) he died. Finally, on May 18, 1996, respondent buried decedent in the Fairview Cemetery in the City of Amsterdam, Montgomery County, without notifying decedent's other next of kin.

Petitioner, decedent's nephew and executor of his estate, commenced this proceeding seeking disinterment from the Fairview Cemetery and reinterment at the Cobleskill Cemetery (*see*, N-PCL 1510 [e]). Despite the existence of sharp factual disputes concerning decedent's burial desires, Supreme Court, giving "great weight" to respondent's wishes, denied the application and dismissed the petition without a hearing. We reverse.

The only issue before Supreme Court was whether there were good and substantial reasons—the standard that must be demonstrated before a court will sanction disinterment (*see*, *Matter of Currier [Woodlawn Cemetery]*, 300 NY 162, 164)—for it to exercise its benevolent discretion to permit petitioner to disturb "[t]he quiet of [decedent's] grave" (*id.*, at 164). Petitioner claims that disinterment is necessary to fulfill the express desires of decedent concerning his final burial place. A decedent's wishes concerning his or her final resting place are of significant concern to courts in determining whether disinterment should occur (*see*, *id.*; *Yome v Gorman*, 242 NY 395, 402-403) and can prevail even over those of a surviving spouse (*see*, *Matter of Costa [St. John's Church]*, 274 App Div 872, *affg* 83 NYS2d 65). As recently noted by this Court, "[i]n great measure the resolution of [the] issue [of disinterment] is governed

by the wishes of the decedent" (*Matter of Dutcher v Paradise*, 217 AD2d 774, 775). If petitioner's allegations are true, decedent intended to be laid to rest in his family plot in Cobleskill with his first wife notwithstanding his second marriage to respondent.

Where the papers and pleadings in a proceeding pursuant to N-PCL 1510 (e) raise a material issue of fact concerning the burial wishes of a decedent, an evidentiary hearing is required (*see, id.; Matter of Conroy*, 138 AD2d 212, *lv dismissed* 73 NY2d 810). Here, there is conflicting evidence as to decedent's intentions following his marriage to respondent. Petitioner's proof consisted of his own averments, as well as those of his father (decedent's brother), that decedent wished to be buried in the Cobleskill Cemetery. It also included decedent's will executed less than 2½ years before his death in which he expressed his desire to be buried in Cobleskill; notably, decedent did not execute a new will following his second marriage nor did he make any other provisions to be buried with respondent, such as purchasing a plot.

While respondent submitted her affidavit in which she averred that decedent expressed the desire to be buried with her, such averment is sharply contradicted by petitioner and petitioner's father. Namely, both men averred that they were parties to a conversation on the day of decedent's death during which respondent stated that she had no idea where decedent wanted to be buried and agreed that he should be buried in the Cobleskill plot in accordance with his wishes. Decedent's obituary, which indicates a spring burial at the Cobleskill Cemetery, appears to be a tacit acknowledgment of this conversation. To this end, it has not gone unnoticed by this Court that respondent purchased the Fairview plot after decedent's death and, with knowledge of the burial dispute, surreptitiously buried him without notifying decedent's other family members, i.e., petitioner or his father. Because issues of fact have clearly been raised concerning decedent's wishes, Supreme Court erred in dismissing the application without a hearing (*cf., Matter of Dutcher v Paradise, supra*).

Cardona, P. J., Mercure, White and Spain, JJ., concur. Ordered that the judgment is reversed, on the law, with costs, and matter remitted to the Supreme Court for a hearing.