■ JON A. BRIGGS, as Executor of HARVEY D. BRIGGS, Deceased, Respondent, v ALICIA HEMSTREET-BRIGGS, Appellant. [701 NYS2d 178] —Carpinello, J. Appeal from a judgment of the Supreme Court (Hughes, J.), entered August 24, 1998 in Schoharie County, which, *inter alia*, granted plaintiff's motion for partial summary judgment.

Harvey D. Briggs (hereinafter decedent) died on January 2, 1996 at the age of 73 and left surviving him defendant, his second wife to whom he had been married for 18 months, a brother and several nieces and nephews. A dispute between plaintiff, one of decedent's nephews and designated executor, and defendant over decedent's final resting place was previously before this Court (*see, Matter of Briggs v Hemstreet-Briggs*, 256 AD2d 894). As will be recounted here, the controversy involving decedent's estate continues.

When defendant threatened to file objections to the probate of decedent's will dated September 24, 1993, the parties entered into a stipulation on August 9, 1996 before Surrogate's Court which resolved a number of outstanding issues and allowed the will to be probated. As expressly represented by defendant's attorney in placing the stipulation on the record, "the gross estate of this decedent is approximately one million sixty to seventy thousand dollars, *give or take a little, but not too much*" (emphasis supplied). The stipulation provided that in satisfaction of pending claims including her one-third spousal right of election (*see,* EPTL 5-1.1-A), defendant would receive $235,000 from the estate, *in addition to* $219,045.85 in life insurance proceeds and jointly owned securities which had previously been received by her by operation of law as a result of decedent's death.

Significantly, the stipulation provided that it was based on the extent of the estate assets then known to the parties. If an "estate asset" was discovered by either of the parties subsequent to the stipulation, each party agreed to disclose the existence of same to the other. Unbeknownst to plaintiff when he entered into the stipulation, defendant had previously received the proceeds of an individual retirement account (hereinafter IRA) totaling $215,855.42 yet did not disclose this to him during their negotiations. Since decedent had not designated a

beneficiary on the IRA, defendant received the proceeds as his surviving spouse in accordance with the terms of the IRA plan.

The existence of the IRA was inadvertently discovered by plaintiff several months after the stipulation. The combined amount of the aforesaid disclosed testamentary substitutes, the agreed-upon settlement proceeds and the undisclosed IRA was $669,901.22, representing over one half of the gross taxable estate of approximately $1.2 million. After issue was joined in plaintiff's suit to recover the IRA proceeds on behalf of the estate, Supreme Court granted plaintiff's motion for partial summary judgment ordering that all of the IRA proceeds, together with interest, be paid to the estate.

On this appeal, we are guided principally by the language of the parties' in-court stipulation and the receipt executed in accordance therewith, which provided that the stipulated sum of $235,000 together with the disclosed testamentary substitutes was "the agreed amount of [defendant's] interest as surviving spouse of the decedent" and was "based upon assets [then] known to the parties, including [defendant]".[1] Defendant's alleged justification for her failure to disclose the existence of the IRA was her belief that it "was not and never could be an estate asset". Of course, whether the IRA was an asset of the probate estate completely misses the point. At issue before Surrogate's Court was not only the probate estate, but also the amount defendant was to receive as her elective share.

The current statutory scheme for spousal elections envisions that certain inter vivos transactions of decedent are to be treated as part of the "net estate" for the purpose of determining the amount of the surviving spouse's elective share so that not only probate assets but also certain statutorily defined testamentary substitutes are taken into account for the purpose of calculating the amount of the spousal election (see, 27A Carmody-Wait 2d, Election by Surviving Spouse, § 163:42, at 619-620). The IRA at issue is a statutorily defined testamentary substitute intended to be included in the "net estate" subject to defendant's elective rights (see, EPTL 5-1.1-A [b] [1] [G]) and its existence was certainly relevant to the proceedings in Surrogate's Court which culminated in the stipulation.

All of which leads us to agree with Supreme Court that summary judgment in favor of plaintiff is appropriate, albeit for slightly different reasons. Under the simple terms of the stipulation, defendant had a duty to disclose the existence of the

---

1. Because of the context in which these representations were made, we specifically reject defendant's argument that the reference in the stipulation to "assets known to the parties" is limited only to probate assets.

IRA. Had she done so, the parties would have been placed on the agreed-upon equal footing. The parties had participated in several conferences in an attempt to resolve the potential probate contest, the amount of defendant's elective share and other disputed issues involving the estate. Each had purportedly disclosed to the other and to their respective attorneys his or her knowledge regarding the value of decedent's gross estate. Although we do not disagree with Supreme Court's finding that these circumstances gave rise to a duty of disclosure (*see generally, Young v Keith*, 112 AD2d 625, 627), we need not tarry over defendant's claim that she lacked the requisite intent to deceive.[2] Having appeared in open court for the purpose of resolving outstanding disputes and having entered into a legally binding stipulation with the aid of counsel, the stipulation should be enforced according to its terms (*see, Hallock v State of New York*, 64 NY2d 224, 230), which provided that defendant would receive the jointly owned securities, the proceeds of life insurance and $235,000 as the "agreed amount" of her interest "as surviving spouse". We also reject defendant's argument that the IRA proceeds should be governed by that portion of the stipulation relating to later-discovered assets since she knew of the existence of this asset before entering into the stipulation.

Peters, J. P., Spain, Graffeo and Mugglin, JJ., concur. Ordered that the judgment is affirmed, with costs.

---

**2.** Although we need not reach this issue, it appears that defendant, as the party with superior knowledge, failed to sustain her shifted burden "to show affirmatively that no deception was practiced * * * and that all was fair, open, voluntary and well understood" (*Cowee v Cornell*, 75 NY 91, 100).