■ In the Matter of MICHAEL LICHTMAN, Appellant, v HIGHLAND VIEW CEMETERY CORP. et al., Respondents. [734 NYS2d 483] —In a proceeding pursuant to Not-For-Profit Corporation Law § 1510 (e) to disinter the remains of the petitioner's grandparents, the petitioner appeals from an order of the Supreme Court, Queens County (Polizzi, J.), dated September 13, 2000, which denied the petition and dismissed the proceeding.

Ordered that the order is affirmed, with costs.

A petition to disinter is governed by N-PCL 1510 (e), which provides, in pertinent part, that a body may be disinterred upon consent of the cemetery corporation, the owners of the lot, and of the surviving wife, husband, children, and the parents of the deceased. Permission to disinter may be granted by a court if consent cannot be obtained (*see,* N-PCL 1510 [e]; *Matter of Dispenza v St. John's Cemetery,* 173 Misc 560).

The petitioner contends that he is entitled to disinter the remains of his grandparents for forensic analysis because there is evidence that their graves had been tampered with, and that the Supreme Court erred in denying his petition without an evidentiary hearing. Since a petition under N-PCL 1510 (e) is analogous to a special proceeding, an evidentiary hearing is required only where the papers and pleadings raise a material issue of fact (*see, Matter of Dutcher v Paradise,* 217 AD2d 774).

The only issue before the Supreme Court was whether there was a good and substantial reason for it to exercise its discre-

tion to permit the petitioner to disturb the quiet of the decedents' grave sites (*see, Matter of Briggs v Hemstreet-Briggs,* 256 AD2d 894). We concur with the Supreme Court that the petitioner's request for disinterment was not supported by any proof that the grave sites had been disturbed. Thus, in the absence of convincing proof from the petitioner creating a material issue of fact, his petition was properly denied without a hearing.

The petitioner's cause of action based on breach of contract was never raised in the Supreme Court, and thus, will not be reviewed by this Court (*see, Gross v Aetna Cas. & Sur. Co.,* 240 AD2d 468). O'Brien, J. P., Florio, Schmidt and Townes, JJ., concur.