■ In the Matter of the Estate of JOSEPH ANTHONY KELLY, Deceased. SUSAN E. KELLY, Respondent; COMMACK CEMETERY, INC., Respondent; MICHAEL KELLY, SR., et al., Appellants. [792 NYS2d 133]—

In a proceeding pursuant to Not-For-Profit Corporation Law § 1510 (e) to disinter the remains of the petitioner's husband, Michael Kelly, Sr., and Alice B. Kelly, the parents of the deceased, appeal from an order of the Supreme Court, Suffolk County (Dunn, J.), dated December 15, 2003, which granted the petitioner's cross motion for summary judgment and denied their motion for summary judgment dismissing the petition.

Ordered that the order is affirmed, with costs.

On February 13, 2003, the petitioner commenced this proceeding to disinter her husband's remains from the respondent Commack Cemetery, Inc., pursuant to Not-For-Profit Corporation Law § 1510 (e). The petitioner sought the disinterment on the grounds that her husband was not buried in a Catholic cemetery and that she and their children would not be able to be buried with him. She contended that she agreed to bury him in the present location due to emotional distress at the time of the burial, and submitted an affidavit of a psychiatrist stating that she was incapable of making a decision at that time.

Michael Kelly, Sr., and Alice B. Kelly (hereinafter the parents) moved to dismiss the petition, without a hearing, on the grounds that it failed to state good and substantial reasons for disinterment and "based on the equities therein." The petitioner cross-moved for summary judgment. The Supreme Court denied the parents' motion for summary judgment dismissing the petition and granted the petitioner's cross motion for summary judgment granting her petition to disinter her husband's remains and providing that he promptly be interred in the Holy Rood Cemetery. The Supreme Court determined that the petitioner, as the decedent's spouse, had a superior right over the decedent's parents in selecting his final place of burial.

The petitioner demonstrated good and substantial reasons to disinter her husband's remains (see Matter of Lichtman v Highland View Cemetery Corp., 289 AD2d 244 [2001]; Matter of Briggs v Hemstreet-Briggs, 256 AD2d 894 [1998]; Viscomi v McGuire, 169 Misc 2d 713 [1996]; see also Yome v Gorman, 242 NY 395 [1926]). In opposition, the respondents failed to raise a triable issue of fact, and a hearing under Not-For-Profit Corporation Law § 1510 (e) therefore, was not required (see Matter of Lichtman v Highland View Cemetery Corp., supra; Matter of Dutcher v Paradise, 217 AD2d 774 [1995]).

The parents' remaining contentions are without merit. Schmidt, J.P., Adams, Luciano and Lifson, JJ., concur.