■ In the Matter of KENNETH PRING, Respondent, v KENSICO CEMETERY, Respondent, and JULIA ANNE MARSH, et al., Appellants. [863 NYS2d 730]—

In a proceeding pursuant to Not-For-Profit Corporation Law § 1510 (e) to disinter the remains of the petitioner's wife, Julia Anne Marsh, Marjorie Dallen, Muriel Dallen, Richard Dallen, John V. Dallen, and Kathleen Dallen appeal from an order of the Supreme Court, Westchester County (Loehr, J.), entered January 18, 2008, which granted the petition.

Ordered that the order is affirmed, with costs.

The petitioner, attempting to fulfill the wishes of his deceased wife that he be buried beside her, brought this proceeding to disinter her body from a family plot in which numerous persons possessed ownership interests in the remaining graves, and reinter her body in a new plot which contained space for both their bodies. The appellants, who are relatives of the decedent and have an ownership interest in the family plot, opposed the petition. The Supreme Court granted the petition. We affirm.

A body may be disinterred upon consent of the cemetery corporation, the owners of the lot, and of the surviving spouse, children, and parents of the deceased (*see* N-PCL 1510 [e]; *Matter of Lichtman v Highland View Cemetery Corp.*, 289 AD2d 244 [2001]). In the absence of consent, a court may grant permission to disinter upon a showing of good and substantial reasons (*see* N-PCL 1510 [e]; *Matter of Kelly*, 16 AD3d 587 [2005]).

The petitioner's demonstration that, inter alia, the paramount concern of his deceased wife was that he be buried beside her and that he was unable to obtain assurances from the other owners of the plot that he would be buried in a grave adjoining hers, was sufficient to establish the existence of good and substantial reasons for disinterment (*see Matter of Currier [Woodlawn Cemetery]*, 300 NY 162, 164 [1949]; *see also Matter of Frost v St. Paul's Cemetery Assn.*, 44 Misc 2d 589, 591 [1964]).

Additionally, since the appellants did not raise a material issue of fact as to the decedent's wishes, the Supreme Court properly determined that no evidentiary hearing was required (*see Matter of Lichtman v Highland View Cemetery Corp.*, 289 AD2d at 244-245; *Matter of Dutcher v Paradise*, 217 AD2d 774, 776 [1995]).

Accordingly, the Supreme Court properly granted the petition pursuant to Not-For-Profit Corporation Law § 1510 (e) (*see Matter of Kelly*, 16 AD3d 587 [2005]). Prudenti, P.J., Ritter, Florio and McCarthy, JJ., concur.