■ In the Matter of DEBRA EIRAND-HERSKOWITZ, Respondent, v MT. CARMEL CEMETERY ASSOCIATION, Respondent, and JEAN HERSKOWITZ et al., Appellants. [919 NYS2d 386]—

The petitioner commenced this proceeding pursuant to Not-For-Profit Corporation Law § 1510 (e) to disinter the remains of her husband (hereinafter the decedent) from the Mount Carmel Cemetery in Queens. The grounds for the petition were that it was the decedent's wish to be buried alongside the petitioner, his wife, and that the cemetery would not allow the petitioner, a non-Jew, to be buried alongside the decedent, who was Jewish. Jean Herskowitz and Nanci Gordon, who are the mother and the sister of the decedent, opposed the petition.

In the absence of consent by, among others, the parents of the deceased, a court may grant permission to disinter upon a showing of good and substantial reasons (*see* N-PCL 1510 [e]; *Matter of Kelly*, 16 AD3d 587, 588 [2005]; *Matter of Lichtman v Highland View Cemetery Corp.*, 289 AD2d 244, 244-245 [2001]). Here, the testimony presented at the hearing supports the Supreme Court's conclusion that the decedent's paramount concern was that he be buried alongside the petitioner, which was not possible in the Mount Carmel Cemetery due to both the petitioner's religious affiliation and the lack of available space. Under these circumstances, the Supreme Court properly determined that the petitioner demonstrated good and substantial reasons to disinter the remains of the decedent (*see Matter of Currier [Woodlawn Cemetery]*, 300 NY 162, 164 [1949]; *Matter of Pring v Kensico Cemetery*, 54 AD3d 766, 767 [2008]; *Matter of Kelly*, 16 AD3d at 588; *Viscomi v McGuire*, 169 Misc 2d 713, 714 [1996]; *see also Yome v Gorman*, 242 NY 395, 402 [1926]), and granted her petition. Rivera, J.P., Dickerson, Eng and Lott, JJ., concur.