■ In the Matter of IRENE AFALONIS, Appellant, v ALICIA AFALONIS, Respondent, et al., Respondent. [934 NYS2d 506]—

On June 6, 2008, the petitioner's husband (hereinafter the decedent) died at the age of 81 while a patient at the Long Island Jewish Medical Center in Queens. Upon the consent of both the petitioner and her daughter, Alicia Afalonis (hereinafter the

daughter), the hospital performed an autopsy on the decedent's body. The autopsy report identified pulmonary thromboembolism as the immediate cause of death, and metastatic colon cancer as the underlying cause of death. On or about June 11, 2008, the decedent was buried in Flushing Cemetery.

Thereafter, the petitioner wished to have a second autopsy performed for the purpose of ascertaining whether medical malpractice was associated with her husband's death, and whether he had any genetic condition of which the daughter should be aware. Since the daughter would not consent to a second autopsy (see Public Health Law § 4210 [3]), the petitioner commenced this proceeding in December 2010, pursuant to Not-For-Profit Corporation Law § 1510 (e), to disinter the decedent's remains so that a second autopsy could be performed. The daughter opposed the petition. The Supreme Court denied the petition and dismissed the proceeding. The petitioner appeals. We affirm.

In the absence of consent by, among others, the adult children of a decedent, a court may grant permission to disinter upon a showing of good and substantial reasons (see N-PCL 1510 [e]; Matter of Currier [Woodlawn Cemetery], 300 NY 162, 164 [1949]; Matter of Eirand-Herskowitz v Mt. Carmel Cemetery Assn., 82 AD3d 1231, 1232 [2011]; Matter of Pring v Kensico Cemetery, 54 AD3d 766, 767 [2008]). In deciding whether to grant permission to disinter, a court must exercise a "benevolent discretion," keeping in mind the strong emotions human beings experience when disposing of the remains of dead loved ones (Yome v Gorman, 242 NY 395, 402 [1926]; see Matter of Currier [Woodlawn Cemetery], 300 NY at 164). "The dead are to rest where they have been laid unless reason of substance is brought forward for disturbing their repose" (Yome v Gorman, 242 NY at 403).

Here, the petitioner failed to demonstrate that there were good and substantial reasons for the Supreme Court to exercise its discretion to disturb the quiet repose of the decedent's final resting place (see Matter of Lichtman v Highland View Cemetery Corp., 289 AD2d 244, 244-245 [2001]). The petition was not supported by any proof, medical or otherwise, that a second autopsy, which would be conducted more than three years after the decedent's death, would yield different and more conclusive results than the first autopsy (see Matter of Band, 117 AD2d 597 [1986]; cf. Matter of Lichtman v Highland View Cemetery Corp., 289 AD2d 244 [2001]).

The petitioner's remaining contentions either are without merit, are raised for the first time on appeal, or have been rendered academic by our determination.

Accordingly, the Supreme Court providently exercised its discretion in denying the petition and dismissing the proceeding. Dillon, J.P., Eng, Hall and Austin, JJ., concur.