■ HELEN BRANDENBURG et al., Appellants, v ST. MICHAEL'S CEMETERY et al., Respondents. [938 NYS2d 159]—

Upon the death of her husband, the plaintiff Helen Brandenburg (hereinafter Brandenburg) contracted with the defendant St. Michael's Cemetery (hereinafter the Cemetery), owned and operated by the defendant St. Michael's Church, to inter the decedent's remains in a mausoleum crypt. Months after the initial interment, the Cemetery discovered that it had mistakenly placed the decedent's remains in a crypt purchased by another person and, without notifying the family or obtaining its consent, disinterred the remains and moved them to the proper crypt. Approximately six months after the decedent's remains were moved, Brandenburg and the decedent's nine surviving adult children learned of the disinterment and commenced this action alleging, inter alia, breach of contract and violations of Public Health Law §§ 4216 and 4218, and Not-for-Profit Corporation Law § 1510 (e). In an order entered April 20, 2010, the Supreme Court, among other things, granted those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging breach of contract and violations of Public Health Law §§ 4216 and 4218, and N-PCL 1510 (e).

The defendants established their prima facie entitlement to judgment as a matter of law dismissing the causes of action alleging violations of Public Health Law §§ 4216 and 4218 by submitting evidence demonstrating that the Cemetery's actions in opening the crypt and removing the decedent's remains did not arise " 'from malice or wantonness' " (*Estate of LaMore v Sumner*, 46 AD3d 1262, 1265 [2007], quoting Public Health Law §§ 4216, 4218 ). In opposition, the plaintiffs failed to raise a triable issue of fact as to malicious or wanton conduct by the Cemetery.

Furthermore, the contract between Brandenburg and the Cemetery unambiguously provides that any negligence on the part of the Cemetery in performing its contractual obligations does not give rise to a claim for emotional damages (*see Greenfield v Philles Records*, 98 NY2d 562, 569 [2002]; *Bridge Pub. Relations & Consulting, Inc. v Hylan Elec. Contr., Inc.*, 65 AD3d 603, 603-604 [2009]). Since the plaintiffs only sought to recover emotional damages in connection with the causes of action alleging breach of contract, the Supreme Court properly awarded summary judgment dismissing those causes of action.

Pursuant to N-PCL 1510 (e), the consent of the cemetery corporation, the owners of the lot, and a decedent's surviving spouse, adult children, and parents is required before a body may be disinterred (*see Matter of Pring v Kensico Cemetery*, 54 AD3d 766, 767 [2008]). In the absence of consent, a court may grant permission to disinter upon a showing of good and substantial reasons (*see* N-PCL 1510 [e]; *Matter of Eirand-Herskowitz v Mt. Carmel Cemetery Assn.*, 82 AD3d 1231, 1232 [2011]; *Matter of Pring v Kensico Cemetery*, 54 AD3d at 767). The paramount factor a court must consider in granting permission to disinter is the known desires of the decedent (*see Matter of Currier [Woodlawn Cemetery]*, 300 NY 162, 164 [1949]; *Matter of Eirand-Herskowitz v Mt. Carmel Cemetery Assn.*, 82 AD3d at 1232; *Matter of Pring v Kensico Cemetery*, 54 AD3d at 767). Among other factors, a court must also consider the desires of the decedent's next of kin (*see Matter of Kelly*, 16 AD3d 587, 588 [2005]; *Viscomi v McGuire*, 169 Misc 2d 713, 716-717 [1996]).

In support of their motion for summary judgment, the defendants failed to make a prima facie showing that the Cemetery was owned and operated by a religious corporation and that the mandates of the Not-for-Profit Corporation Law, therefore, do not apply in this case. Moreover, contrary to the Supreme Court's determination, the disinterment could not be retroactively sanctioned (*cf. Matter of Eirand-Herskowitz v Mt. Carmel*

*Cemetery Assn.*, 82 AD3d at1232; *Matter of Pring v Kensico Cemetery*, 54 AD3d at 767; *Matter of Kelly*, 16 AD3d at 588). Nevertheless, under the particular circumstances of this case, the defendants established their entitlement to judgment as a matter of law dismissing the causes of action alleging that their violation of N-PCL 1510 (e) caused the plaintiffs to suffer emotional distress. The defendants demonstrated that the decedent's body, which always remained in the casket, was not mishandled or in any way desecrated during the process of removal from one crypt to the other, and that this case does not present "any special circumstances that might reasonably be characterized as an act of desecration to otherwise give rise to 'an especial likelihood of genuine and serious mental distress' " (*Estate of LaMore v Sumner*, 46 AD3d 1262, 1264 [2007], quoting *Johnson v State of New York*, 37 NY2d 378, 382 [1975]; *cf. Gostkowski v Roman Catholic Church*, 262 NY 320 [1933]). In opposition, the plaintiffs failed to raise a triable issue of fact. Accordingly, the Supreme Court properly awarded the defendants summary judgment dismissing the causes of action alleging a violation of N-PCL 1510 (e).

The plaintiffs' request for leave to amend their complaint is improperly raised for the first time on appeal (*see Flax v Lincoln Natl. Life Ins. Co.*, 54 AD3d 992, 995 [2008]).

In light of our determination, the plaintiffs' remaining contention has been rendered academic. Dillon, J.P., Eng, Sgroi and Miller, JJ., concur.