Bekkerman v Mount Carmel Cemetery Assn. (2018 NY Slip Op 05742)





Bekkerman v Mount Carmel Cemetery Assn.


2018 NY Slip Op 05742


Decided on August 15, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 15, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
REINALDO E. RIVERA
LEONARD B. AUSTIN
HECTOR D. LASALLE, JJ.


2016-03120
 (Index No. 704397/13)

[*1]Peter Bekkerman, et al., appellants, 
v
Mount Carmel Cemetery Association, respondent.


Lazarus & Lazarus, P.C., New York, NY (Harlan M. Lazarus of counsel), for appellants.
Litchfield Cavo, LLP, New York, NY (Michael K. Dvorkin of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for negligence and intentional infliction of emotional distress, the plaintiffs appeal from an order of the Supreme Court, Queens County (Robert J. McDonald, J.), dated March 28, 2016. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting those branches of the defendant's motion which were for summary judgment dismissing the causes of action for a permanent injunction and for an order pursuant to Not-For-Profit Corporation Law § 1510(e) directing disinterment and reinterment, and substituting therefor a provision denying those branches of the defendant's motion; as so modified, the order is affirmed, with costs to the plaintiffs.
In November 1997, the plaintiffs' father died and was interred in a grave at a cemetery owned and operated by the defendant, Mount Carmel Cemetery Association (hereinafter the Cemetery). At that time, the plaintiffs reserved the grave to the immediate right of their father's grave so that their mother could be interred there upon her death. In August 2013, the plaintiffs' mother died, at which point the Cemetery began preparing her grave for interment. However, when the Cemetery started digging the mother's grave, the father's grave allegedly collapsed, thereby causing his casket to slide into the grave that was reserved for the mother. The Cemetery determined that the shifting of the father's casket made it physically impossible to inter the mother's casket into the grave that had been reserved for her. As a result, the Cemetery obtained the plaintiffs' consent to inter their mother in a different grave in a separate section of the Cemetery.
Thereafter, the plaintiffs commenced this action against the Cemetery to recover damages for negligence and intentional infliction of emotional distress. The plaintiffs also sought a permanent injunction and an order pursuant to Not-For-Profit Corporation Law § 1510(e) directing the Cemetery to disinter the mother's casket and reinter it in the grave that was originally reserved next to the father. The Cemetery subsequently moved for summary judgment dismissing the complaint on the ground that, inter alia, it was impossible to disinter the mother's casket and reinter it in the grave next to the father's. The Supreme Court granted the motion for summary judgment, [*2]and the plaintiffs appeal.
The Supreme Court erred in granting those branches of the Cemetery's motion which were for summary judgment dismissing the plaintiffs' causes of action for a permanent injunction and for an order pursuant to Not-For-Profit Corporation Law § 1510(e) directing disinterment and reinterment. The Cemetery failed to establish, prima facie, that it is impossible to disinter the mother's casket and reinter it in the grave next to the father (see Not-For-Profit Corporation Law § 1510[e]; Brandenburg v St. Michael's Cemetery, 92 AD3d 631, 632; Matter of Afalonis v Afalonis, 90 AD3d 917, 918; cf. Berenger v 261 W. LLC, 93 AD3d 175, 185). Since the Cemetery's submissions failed to eliminate all material issues of fact, those branches of the Cemetery's motion which were for summary judgment dismissing the plaintiffs' causes of action for a permanent injunction and for an order pursuant to Not-For-Profit Corporation Law § 1510(e) directing disinterment and reinterment should have been denied (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
However, contrary to the plaintiffs' further contentions, the Cemetery established its prima facie entitlement to judgment as a matter of law dismissing the causes of action alleging negligence and the intentional infliction of emotional distress (see Pasternack v Laboratory Corp. of Am. Holdings, 27 NY3d 817, 825; Howell v New York Post Co., 81 NY2d 115, 122; Klein v Metropolitan Child Servs., Inc., 100 AD3d 708, 710; Pinero v Rite Aid of N.Y., 294 AD2d 251, 252, affd 99 NY2d 541). In opposition, the plaintiffs failed to raise a triable issue of fact. Accordingly, we agree with the Supreme Court's determination granting those branches of the Cemetery's motion which were for summary judgment dismissing those causes of action.
The plaintiffs' remaining contentions are without merit.
MASTRO, J.P., RIVERA, AUSTIN and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court