■ ANTHONY SCOTT, Appellant, v GRUMANN-OLSEN, DIVISION OF GRUMANN ALLIED INDUSTRIES, INC., et al., Defendants, and JOHN CIPPITELLI et al., Doing Business as GREEN LAKE HOMESTEAD, Respondents.—Mahoney, P. J. Appeal from an order of the Supreme Court (Connor, J.), entered June 8, 1988 in Columbia County, which, *inter alia,* denied plaintiff's motion to amend his complaint.

On June 8, 1980, plaintiff, an employee of defendant Grumann-Olsen, was on premises owned by defendants John and Enzo Cippitelli, who do business as Green Lake Homestead, to participate in an outing arranged by his employer. Free beer and a cash bar were available. During the course of the afternoon, others at the picnic grabbed plaintiff and threw him into a swimming pool causing him to sustain serious injuries.

On May 2, 1983, a complaint alleging three negligence causes of action was served on seven individual defendants, Grumann-Olsen, and John and Enzo Cippitelli, doing business as Green Lake Homestead.* As to defendants, the negligence alleged was the failure to properly supervise, control and prevent the individual defendants' conduct. No allegation in the complaint charged defendants with dispensing or offering for sale alcoholic beverages. Plaintiff reiterated in his bill of particulars dated June 20, 1983 that defendants' negligence was the failure to properly supervise and control the individual participants at the outing. While paragraph 9 of the bill of particulars stated, "Violation of statutes, ordinances, rules, regulations and laws, if any, are subject to judicial notice upon the trial", it made no mention of alcohol consumption at defendants' premises.

Almost six years after the incident, a supplemental bill of particulars dated May 21, 1986 was served alleging for the first time that defendants have permitted underage and/or inexperienced people to serve alcohol, caused the intoxication of the individuals who had harmed plaintiff and violated General Obligations Law § 11-101. Pursuant to court order, an

---

* Since the causes of action against the individual defendants and defendant Grumann-Olsen are not at issue on this appeal, our use of "defendants" refers only to John and Enzo Cippitelli, doing business as Green Lake Homestead.

amended complaint dated March 3, 1987 was served, but made no mention of defendants dispensing or offering for sale alcoholic beverages. A subsequent bill of particulars dated August 12, 1987 reiterated the allegations of the May 21, 1986 bill. In March 1988, after this action was scheduled for trial, plaintiff moved, *inter alia,* to amend his complaint for the second time so as to allege a cause of action against defendants for violation of General Obligations Law § 11-101, the Dram Shop Act. Supreme Court denied amendment and this appeal by plaintiff ensued.

We affirm. Plaintiff desires court approval for a second amendment to his complaint to allege a cause of action under General Obligations Law § 11-101. There is a three-year limitation for statutory causes of action (CPLR 214 [2]). The amendment was just sought in March 1988, almost eight years after the incident, so the proposed statutory cause of action is obviously time barred.

CPLR 203 (e) does not save plaintiff's proposed amendment. This provision provides, "A claim asserted in an amended pleading is deemed to have been interposed at the time the claims in the original pleading were interposed, unless the original pleading does not give notice of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading" (CPLR 203 [e]). Here, the basis of the proposed cause of action is the Dram Shop Act. No mention of alcohol was made in any of plaintiff's pleadings until the supplemental bill dated May 21, 1986, almost six years after the incident. Since the facts to support the proposed claim were not set forth in any of the pleadings until long after the three-year limitations period for the proposed statutory cause of action expired, it is not saved by the relation-back provision of CPLR 203 (e) *(see, Martin v Edwards Labs.,* 60 NY2d 417, 429).

Order affirmed, with costs. Mahoney, P. J., Kane, Weiss, Mercure and Harvey, JJ., concur.