■ In the Matter of MARGARET SCHLICHTING, Respondent, v TOWN BOARD OF TOWN OF BEDFORD, Appellant, et al., Respondents.—In a proceeding pursuant to CPLR article 78, *inter alia,* to compel the respondent Town Board of the Town of Bedford to apply to the Westchester County Board of Legislators for approval of the use of 2.5 acres owned by a religious corporation as a cemetery, the Town Board of the Town of Bedford appeals from a judgment of the Supreme Court, Westchester County (LaCava, J.), dated December 13, 1989, which was in favor of the petitioner.

Ordered that the judgment is affirmed, with costs.

The petitioner is the owner of approximately 59 acres of land in the Town of Bedford. The land adjoins 160 acres owned by a religious corporation (hereinafter the Corporation). The Corporation sought to set aside 2.5 acres of its land bordering the petitioner's property to be used as a cemetery. The Town never applied for or obtained the consent of the Westchester County Board of Legislators (hereinafter the County Board). The petitioner subsequently commenced a proceeding pursuant to CPLR article 78 against the Town Board of the Town of Bedford, contending that the cemetery was illegal because the Town Board failed to obtain the

consent of the County Board on behalf of the Corporation for the construction of the cemetery, as required by Real Property Law § 451 and by County Board Resolution 206-1987. The Supreme Court ruled in favor of the petitioner, and required the Town to obtain the consent of the County Board.

We affirm. Real Property Law § 451 provides, in relevant part, that: "[I]t shall not be lawful for any person to take by deed, devise or otherwise or set apart or use any land or ground in any of the counties of Westchester, Kings, Queens, Richmond, Bronx, New York, Rockland, Suffolk, Putnam or Nassau, for cemetery purposes without the consent of the board of supervisors for such county * * * first had and obtained in like manner as provided for in the membership corporations law [now the Not-For-Profit Corporation Law]".

This statute is clearly applicable to religious corporations since, by its terms, it applies to "any person," and a religious corporation is a "person," as defined in the General Construction Law (see, General Construction Law §§ 37, 65 [a] [2]; [c] [1]; § 66 [5]). Real Property Law § 451 explicitly applies to lands within the County of Westchester, and requires the consent of the County Board of Supervisors for such lands to be used for cemetery purposes. The Town's argument that Religious Corporations Law § 7 gives a religious corporation the authorization to use its lands for cemetery purposes without compliance with other statutory restrictions is without merit (see, Moritz v United Brethrens Church, 269 NY 125). Similarly without merit is the Town's contention that the reference to the Not-For-Profit Corporation Law contained in Real Property Law § 451 exempts a religious corporation from compliance with that section.

We also reject the Town's contention that it is not bound by County Board Resolution 206-1987, which also requires it to obtain the consent of the County Board for construction of a cemetery. County Law § 153 (1) specifically provides that the power of a county, "whether in terms vested in the county or in the board of supervisors shall * * * be exercised through a local law or resolution duly adopted by the board". Both resolutions and local laws are legislative acts (see, Matter of Reese v Lombard, 47 AD2d 327, 330). The county is statutorily authorized to carry out its function through the enactment of resolutions, and County Board Resolution 206-1987 is therefore binding upon the Town. Kunzeman, J. P., Rosenblatt, Miller and Ritter, JJ., concur.