■ MARGARET SCHLICHTING, Respondent, v K'HAL ADAS KASHAU, Appellant, et al., Defendants. [601 NYS2d 837] —In an action, *inter alia,* for a judgment declaring that the defendant K'Hal Adas Kashau may not use its property as a cemetery, the defendant K'hal Adas Kashau appeals from so much of an order of the Supreme Court, Westchester County (Burrows, J.), entered May 3, 1991, as granted the plaintiff's motion for a preliminary injunction enjoining the appellant from using its property as a cemetery.

Ordered that the order is affirmed insofar as appealed from, with costs.

We agree with the Supreme Court's finding that the plaintiff established her entitlement to a preliminary injunction pending the determination of the action. It is well settled that a party is entitled to a preliminary injunction if he or she establishes a likelihood of success on the merits, irreparable injury unless injunctive relief is granted, and a balance of equities in his or her favor *(see, Klein, Wagner & Morris v Lawrence Klein, P. C.,* 186 AD2d 631).

The plaintiff has shown a likelihood of success on the merits because Real Property Law § 451, which, *inter alia,* requires the consent of the Westchester County Board of Supervisors in order to use land within Westchester County as a cemetery, is applicable to the defendant religious corporation *(see, Moritz v United Brethrens Church,* 269 NY 125; *Matter of Schlichting v Town Bd.,* 175 AD2d 805). Further, having alleged that the burial of corpses next to her backyard would adversely affect her health and safety, the plaintiff has established both irreparable injury and that the possible injury to the plaintiff outweighs the harm, if any, to the appellant through the imposition of the injunction. Thompson, J. P., Rosenblatt, Miller and Ritter, JJ., concur.