■ TOWN OF SARANAC, Respondent, v TOWN OF PLATTSBURGH, Appellant. [630 NYS2d 394] —Mikoll, J. P. Appeal from

an order of the Supreme Court (Ryan, Jr., J.), entered March 18, 1993 in Clinton County, which, *inter alia*, denied defendant's motion to dismiss the complaint for failure to comply with the Statute of Limitations.

This litigation concerns a dispute between the parties over a boundary line common to both Towns established by a statute enacted by the State Legislature in 1824 (L 1824, ch CXXIX). The pertinent statutory language states that "all that part of the Town of Plattsburgh, lying west of a line two miles west of Platt's six thousand six hundred acre location, shall be a separate town by the name of Saranac" (*id.*, at § I). The boundary line described in the enacting legislation was never established on the ground. Thus, over a period of years plaintiff has complained to defendant that the latter Town was encroaching over their boundary line and that assessments totaling over $1 million were being claimed by defendant that "rightly belong" to plaintiff despite the objections of plaintiff's assessors. Reportedly discussions were held in 1958 between the respective supervisors of the two Towns over the boundary dispute and at other times. Finally, plaintiff commenced this declaratory judgment action seeking a declaration defining the boundary line between the parties in accordance with a survey map prepared at the request of plaintiff and directing the filing of the survey in accordance with County Law § 228.

Defendant served an answer containing affirmative defenses, including that the expiration of the Statute of Limitations bars maintenance of this action against defendant by plaintiff. Defendant admitted that the boundary line in question has never been surveyed but asserts that the line presently shown on the Clinton County tax maps is the line that has been used by the Towns for tax levy purposes.

Plaintiff presented evidence including the testimony of Roderick Cobane, a licensed land surveyor engaged by plaintiff who testified that he researched the history of the boundary line, surveyed it and produced a map showing the line. As the matter progressed the parties agreed that plaintiff would proceed with its proof and defendant's case would await Supreme Court's decision of defendant's motion to dismiss on the ground that the action was barred by the Statute of Limitations. In support of its motion to dismiss defendant submitted the affidavits of present and former Town officials asserting that the parties disputed the boundary since 1958.

Supreme Court denied defendant's motion to dismiss the action, opining that "a boundary line created by the State Legislature cannot be changed other than by the Legislature".

Supreme Court further held that there was no statutory limitation upon commencing an action for declaratory judgment and that such an action should be entertained when "it will serve a practical end in determining and stabilizing an uncertain or disputed jural question either as to present or prospective obligations". This appeal by defendant followed.

The first question presented is whether the Statute of Limitations applies to actions for declaratory judgment. Examination of the CPLR sections dealing with the Statute of Limitations leads to the conclusion that the instant declaratory judgment action is subject to the appropriate Statute of Limitations (*see, Solnick v Whalen*, 49 NY2d 224, 229-232).

The next question is which Statute of Limitations applies in the instant action. In our view the underlying object of this action is in the nature of a trespass by defendant. It is alleged that defendant is encroaching on the boundary line of plaintiff and making over $1 million of assessments on property under the jurisdiction of the plaintiff's assessor over the objections of plaintiff. Documentation submitted on the motion supports the claim that defendant is exercising governmental authority over a portion of land located within plaintiff's boundaries. The record indicates that this is in the nature of a continuing or permanent trespass giving rise to successive causes of action (*see, 509 Sixth Ave. Corp. v New York City Tr. Auth.*, 15 NY2d 48, 52). Consequently, the instant action is not barred by the expiration of such time as would create an easement by prescription or change of title by operation of law (*see, supra; Galway v Metropolitan El. Ry. Co.*, 128 NY 132). Unlike the case of *509 Sixth Ave. Corp. v New York City Tr. Auth.* (*supra*), the doctrine of acquiescence, estoppel or laches may not be applied against plaintiff as its boundaries were established by an act of the Legislature. Thus, there can be no barring of plaintiff's rights by acquisition of title or by an easement by operation of law (*see, County of Chenango v County of Broome*, 180 AD2d 319, 323; *see, La Porto v Village of Philmont*, 39 NY2d 7, 13). The order of Supreme Court should be affirmed.

Mercure, Crew III, Casey and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.