RICHARD AUGERI, on Behalf of All Heirs at Law of SALVATRICE AUGERI, Deceased, and in the Matter of DOMENICK AUGERI, Deceased, Respondent, v ROMAN CATHOLIC DIOCESE OF BROOKLYN et al., Appellants. [639 NYS2d 640] 

Memorandum: In 1918 Salvatrice Augeri purchased a lot containing six cemetery plots in defendant St. John's Cemetery (St. John's), operated by defendant Roman Catholic Diocese of Brooklyn. From then until 1972, the remains of five Augeri family members were buried in the plots. Salvatrice's son, Domenick Augeri, died in 1989. Endeavoring to inter Domenick's remains in the sixth plot, plaintiffs, surviving members of the Augeri family, learned from St. John's that the sixth plot was occupied by the body of Domenick's estranged wife, Anna Marra, who had abandoned Domenick after a short marriage in 1949. Following Marra's death in 1984, Marra's son, Harry Taggart, who is unrelated to the Augeri family, represented to St. John's that he is the grandson and sole heir of the lot owner and that Marra was Salvatrice's daughter. Relying on Taggart's representations, St. John's interred Marra's remains in the sixth Augeri plot. Domenick's remains were interred in another cemetery in a plot belonging to Domenick's sister, Salvatrice Augeri Mandarino.

The Augeris asked St. John's to disinter Marra's remains so that Domenick could be laid to rest in the family plot. Defendants refused to do so without a court order, and in 1991 plaintiffs commenced this action to compel defendants to disinter Marra's remains and to transfer and inter Domenick's remains at defendants' expense, and for damages for the negligent infliction of emotional distress.

In 1992, when it was learned that Salvatrice Augeri Mandarino was terminally ill and would soon be in need of the plot occupied by Domenick's remains, plaintiffs moved for the immediate disinterment and reinterment of the remains of Domenick and Marra, the costs to be borne by defendants. Defendants cross-moved to dismiss plaintiffs' complaint for

failure to state a cause of action and on Statute of Limitations grounds. Without express mention of defendants' cross motion, Supreme Court granted plaintiffs' motion and directed a trial on the remaining issues. The failure to rule on the cross motion is deemed a denial of it (*see, Brown v U.S. Vanadium Corp.*, 198 AD2d 863, 864).

The court properly denied defendants' cross motion insofar as it sought dismissal for failure to state a cause of action. With respect to the cause of action for negligent infliction of emotional distress, plaintiffs have stated grounds upon which relief can be granted (*see,* CPLR 3211 [a] [7]). Because the alleged negligence of defendants interfered with the proper disposal of Domenick's remains, damages may be recovered for resulting emotional harm (*see, Johnson v State of New York*, 37 NY2d 378, 382). In addition, although not specifically alleged, plaintiffs have sufficiently stated the elements of a cause of action for trespass, consisting of the intentional entry by defendants onto plaintiffs' land and the wrongful use without justification or consent (*see, Chlystun v Kent*, 185 AD2d 525, 526; *Granchelli v Johnson Bldg. Co.*, 85 AD2d 891; *see also, O'Shaughnessy v John J. Barrett, Inc.*, 186 Misc 1040).

With respect to the Statute of Limitations, while the underlying facts of plaintiffs' cause of action for negligent infliction of emotional distress occurred in 1984 when Marra was buried, plaintiffs did not sustain emotional harm until discovery of those facts. In the complaint, plaintiffs averred that they had no notice that the sixth plot was occupied and that there was no indication that it was occupied. The cause of action for negligent infliction of emotional distress did not accrue until all of the elements, including damages, could "be truthfully alleged in [the] complaint" (*Kronos, Inc. v AVX Corp.*, 81 NY2d 90, 94). Because this action was commenced within three years of discovery of the improper burial, it is not barred by the Statute of Limitations (*see,* CPLR 214). Nor is the continuing tort of trespass barred by the Statute of Limitations (*see, Sporn v MCA Records*, 58 NY2d 482, 487; *Town of Saranac v Town of Plattsburgh*, 218 AD2d 866).

With respect to plaintiffs' motion, defendants do not dispute that Marra's remains should be removed and Domenick's remains transferred to the family plot; rather, they contend that they should not have to bear the costs associated therewith because they justifiably relied on Taggart's representations. We conclude, however, that the court properly granted plaintiffs' motion for provisional relief (*see, Preston Corp. v Fabrication Enters.*, 68 NY2d 397, 406; *Schlichting v Kashau*,

195 AD2d 551). Should defendants prevail at trial, they may seek reimbursement of those costs. (Appeal from Order of Supreme Court, Queens County, Dunkin, J.—Dismiss Complaint.) Present—Pine, J. P., Fallon, Callahan, Balio and Boehm, JJ.