■ ANNIS M. UNZ, Respondent, et al., Plaintiff, v GREEN-FIELD CEMETERY et al., Defendants, and TOWN OF OYSTER BAY, Appellant. [651 NYS2d 106] —In an action, *inter alia,* to recover damages for the wrongful disinterment of the remains of the respondent's father, the defendant Town of Oyster Bay appeals from so much of an order of the Supreme Court, Nassau County (Goldstein, J.), entered October 31, 1995, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the defendant Town of Oyster Bay's motion for summary judgment is granted, the complaint insofar as asserted against it is dismissed, and the action against the remaining defendants is severed.

The respondent and her stepsister commenced this action against several defendants for the alleged wrongful disinterment of the remains of George Barth, the respondent's father. The decedent's remains were disinterred from Greenfield Cemetery located in the Town of Hempstead for shipment to, and reinterment in, Florida at the instance of the respondent's stepmother, the defendant Virginia Barth. The complaint alleged, *inter alia,* violations of part 13 of New York State's health regulations (10 NYCRR 13.3 [a], [b]), as well as a common-law cause of action for wrongful disinterment.

Liability will not be imposed upon a governmental body for injuries sustained by individuals where the statute or regulation alleged to have been violated by the governmental body defines a standard of care for the general welfare only *(Browne v Town of Hempstead,* 110 AD2d 102, 105; *see also, O'Connor v City of New York,* 58 NY2d 184). "Municipal tort liability for violations of general statutory or regulatory obligations is limited to those situations where the plaintiff can establish that a special duty of care is owed to him. This is so even where the injury which results is a foreseeable one" *(Browne v Town of Hempstead, supra,* at 105; *see also, Garrett v Town of Greece,* 78 AD2d 773, *affd* 55 NY2d 774).

At bar, the obligations imposed by 10 NYCRR part 13 are intended for the general welfare only. In this regard, the code provides that transportation of dead bodies "shall be conducted in such manner as not to be a menace to health" (10 NYCRR 13.1). The respondent's papers fail to establish that the Town of Oyster Bay (hereinafter the Town) owed her a special duty pursuant to the regulations, and the cause of action which is asserted against the Town based on the alleged violation of those regulations is dismissed *(see, O'Connor v City of New York, supra; Levine v Sharon,* 160 AD2d 840; *Garrett v Town of Greece, supra).*

The respondent's common law cause of action to recover damages for wrongful disinterment insofar as asserted against the Town should also have been dismissed *(see, Orlin v Torf,* 126 AD2d 252).

In light of our determination, we have not considered the parties' other contentions. Bracken, J. P., Copertino, Joy and Altman, JJ., concur.