■ BENJAMIN PARK et al., Appellants, v YMCA OF GREATER NEW YORK FLUSHING, Respondent. [791 NYS2d 848]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Kitzes, J.), dated January 5, 2004, which granted the defendant's motion for summary judgment dismissing the amended complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof granting those branches of the motion which were for summary judgment dismissing the first cause of action alleging negligence and the fourth cause of action alleging a derivative claim for damages, and substituting therefor provisions denying those branches of the motion and severing and continuing those causes of action; as so modified, the order is affirmed, without costs or disbursements.

The defendant failed to establish its prima facie entitlement to judgment as a matter of law dismissing the first cause of action alleging negligence and the fourth cause of action alleging a derivative claim (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). The defendant failed, inter alia, to establish that the infant plaintiff fully appreciated the risks in the skiing activity he was engaged in when he sustained his injuries (see de Lacy v Catamount Dev. Corp., 302 AD2d 735, 736 [2003]), or that its supervision was adequate and not negligent (see Douglas v John Hus Moravian Church of Brooklyn, Inc., 8 AD3d 327, 328 [2004]). Accordingly, the Supreme Court erroneously granted those branches of the defendant's motion for summary judgment which were to dismiss the first and fourth causes of action.

By contrast, the defendant established its entitlement to judgment as a matter of law dismissing the second cause of action alleging false imprisonment, and the plaintiffs in opposition failed to raise any triable issue of fact with respect to this cause of action (see Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Accordingly, the Supreme Court correctly granted that branch of the defendant's motion which was for summary judgment dismissing the second cause of action. In addition, the

Supreme Court correctly dismissed the third cause of action to recover for punitive damages, because a demand for punitive damages does not amount to a separate cause of action for pleading purposes (*see Vanguard Equip. Rentals v CAB Assoc.*, 288 AD2d 306 [2001]; *Rose Lee Mfg. v Chemical Bank*, 186 AD2d 548, 550 [1992]). Schmidt, J.P., Krausman, Crane and Fisher, JJ., concur.