■ Yong Wen Mo, Appellant, v Gee Ming Chan, Respondent. [792 NYS2d 589]—

In an action, inter alia, to recover damages for assault and battery, the plaintiff appeals from an order of the Supreme Court, Kings County (Harkavy, J.), dated April 20, 2004, which granted the defendant's motion for summary judgment dismissing the amended complaint as time-barred, without prejudice to the plaintiff's right pursuant to CPLR 215 (8) to have certain causes of action reinstated in the event the District Attorney commences a criminal action against the defendant based upon the plaintiff's allegations.

Ordered that the order is modified, on the law, by deleting the provisions thereof granting those branches of the defendant's motion which were to dismiss the cause of action based on the transmission of herpes and the cause of action based on

negligent infliction of emotional harm to the extent that cause of action stems from the transmission of herpes, and substituting therefor provisions denying those branches of the motion; as so modified, the order is affirmed, with costs to the plaintiff, the cause of action based on the transmission of herpes and the cause of action based on negligent infliction of emotional harm to the extent that cause of action stems from the transmission of herpes, along with that part of the plaintiff's ad damnum clause which sought to impose punitive damages, are reinstated.

The plaintiff alleges that she was sexually assaulted and battered by the defendant in August 1999, as a result of which she contracted genital herpes. She alleges that she first learned of the herpes infection in August 2000. This action was commenced on June 18, 2003, and alleges assault, battery, transmission of herpes, intentional and negligent infliction of emotional harm, and prima facie tort. The plaintiff also seeks punitive damages, which she erroneously pleaded as a separate cause of action.

Before discovery, the defendant successfully moved for summary judgment dismissing the complaint, and the plaintiff appeals. The only question before us is whether the various causes of action asserted in the complaint are time-barred.

The Supreme Court correctly determined that the causes of action alleging assault and battery are governed by the one-year statute of limitations and, although subject to the exception provided in CPLR 215 (8), are time-barred (*see* CPLR 215 [3]; *Matter of Plaza v Estate of Wisser*, 211 AD2d 111, 118 [1995]).

The cause of action alleging intentional infliction of emotional harm, whether founded on distress allegedly resulting from the sexual assault or from the plaintiff's subsequent discovery that she was infected with herpes, is also governed by the one-year statute of limitations and is therefore time-barred (*see* CPLR 215 [3]; *Khan v Duane Reade*, 7 AD3d 311, 312 [2004]; *Kwarren v American Airlines*, 303 AD2d 722 [2003]; *Spinale v Guest*, 270 AD2d 39, 40 [2000]; *Gallagher v Directors Guild of Am.*, 144 AD2d 261, 262 [1988]). Similarly, the cause of action alleging prima facie tort, which alleges that the defendant's intentional and malicious conduct caused the plaintiff to suffer "extreme personal and emotional hardship" is, in this case, essentially an intentional tort claim subject to the one-year statute of limitations (*see Havell v Islam*, 292 AD2d 210 [2002]). Consequently, that cause of action is also time-barred.

The cause of action alleging negligent infliction of emotional harm, however, is governed by the three-year statute of limitations (*see* CPLR 214; *Augeri v Roman Catholic Diocese of Brooklyn*, 225 AD2d 1105, 1106 [1996]), and accrued when all of the

elements, including damages, could be truthfully alleged in the complaint (*see Augeri v Roman Catholic Diocese of Brooklyn, supra* at 1106; *Dana v Oak Park Mar.,* 230 AD2d 204, 210 [1997]). Therefore, to the extent the plaintiff claims that she suffered emotional distress as a result of the alleged August 1999 sexual assault and battery, her cause of action is time-barred and was properly dismissed. However, to the extent the plaintiff's claim for emotional distress arises from the discovery in August 2000 that she was infected with herpes, then her cause of action is timely. The defendant's conclusory assertion that the plaintiff actually knew of the herpes infection prior to August 2000 is not supported by competent evidence and, therefore, did not establish his prima facie entitlement to judgment as a matter of law (*see Ayotte v Gervasio,* 81 NY2d 1062, 1063 [1993]). Accordingly, the plaintiff's cause of action to recover damages for negligent infliction of emotional distress, to the extent based on the discovery that she was infected with herpes, must be reinstated.

Contrary to the defendant's contention, the plaintiff's allegation that he infected her with herpes sets forth a cause of action "to recover damages for personal injury . . . caused by the latent effects of exposure to any substance or combination of substances, in any form, upon or within the body" falling within the ambit of CPLR 214-c (2). Hence, the computation of the three-year limitation period with respect to that cause of action ran from the date of actual or imputed discovery of the plaintiff's injury—not from the date of the alleged exposure (*see Matter of Plaza v Estate of Wisser, supra* at 118; *see also DiMarco v Hudson Val. Blood Servs.,* 147 AD2d 156, 162 [1989]; *Prego v City of New York,* 147 AD2d 165, 175 [1989]). Because the defendant failed to tender competent evidence establishing that the plaintiff knew or should have known about the herpes infection before August 2000, he was not entitled to dismissal of that cause of action as a matter of law (*see Ayotte v Gervasio, supra*).

We note that the plaintiff erroneously denominated her request for punitive damages as a separate cause of action. "A demand or request for punitive damages is parasitic and possesses no viability absent its attachment to a substantive cause of action" (*Rocanova v Equitable Life Assur. Socy. of U. S.,* 83 NY2d 603, 616 [1994]). Thus, the court properly dismissed the plaintiff's purported cause of action for punitive damages (*see Park v YMCA of Greater New York Flushing,* 17 AD3d 333 [2005] [decided herewith]). However, to the extent the plaintiff properly requested punitive damages as part of her ad damnum clause, such request is reinstated along with the substantive cause of

action based on the transmission of herpes and the cause of action based on negligent infliction of emotional harm to the extent that cause of action stems from the transmission of herpes. Schmidt, J.P., Goldstein, Crane and Fisher, JJ., concur.