JAMES WOODHULL, Respondent, v TOWN OF RIVERHEAD, Appellant. [849 NYS2d 79]—

In an action, inter alia, to recover damages for trespass and civil rights violations pursuant to 42 USC § 1983, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated October 11, 2006, as denied those branches of its motion which were for summary judgment dismissing the first, third, fourth, and sixth causes of action.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the defendant's motion which were. for summary judgment dismissing the first, third, fourth, and sixth causes of action are granted.

The plaintiff is the owner of real property upon which he maintains and rents five trailers. On October 1, 2001, Richard

Downs, a code enforcement officer for the defendant Town of Riverhead, was on property adjoining the plaintiff's land investigating a litter complaint when he observed that substantial improvements had been made to one of the plaintiff's trailers. On October 18, 2001, after ascertaining that the plaintiff had not obtained a building permit to make such improvements, Downs returned to the plaintiff's property to issue him a summons. Upon arriving there, he saw an unlicensed contractor performing work on the trailer. As a result, Downs radioed another code enforcement officer Matthew White, and requested that he bring a stop-work order to the property. Once White arrived with the stop-work order, Downs completed it and asked White to post it on the trailer. At that point, White entered the property, walked over to the trailer upon which work was being performed and, with a staple gun, affixed the stop-work order to the handrail of the trailer's front steps. White then returned to the public right-of-way where he and Downs had been standing. While both officers testified at their deposition that they never saw a "no trespassing" sign posted on the property, the plaintiff stated to the contrary. A few minutes later, the plaintiff arrived at the property and was issued a summons for violating section 52-6 (A) of the Code of the Town of Riverhead. Subsequently, a settlement was reached and the summons was dismissed. The plaintiff then commenced the instant action alleging, inter alia, trespass, and, pursuant to 42 USC § 1983, a violation of his constitutional right to be free from unreasonable searches based on White's entry onto the property for the purpose of posting the stop-work order.

The Fourth Amendment to the United States Constitution guarantees the "right of the people to be secure in their persons, houses, papers, and effects from unreasonable searches." Contrary to the plaintiff's contention, no search occurred here. A search involves "look[ing] over or through for the purpose of finding something" (*Kyllo v United States*, 533 US 27, 32 n 1 [2001], quoting Webster, An American Dictionary of the English Language 66 [6th ed]). The observation that gave the code enforcement officers the basis for posting the stop-work order occurred from a neighboring property—a lawful vantage point— and prior to White's entry on the plaintiff's property. The plaintiff does not challenge this conduct, and, in any event, it would not be actionable (*see Katz v United States*, 389 US 347, 351 [1967]). Therefore, since White merely entered the property for the purpose of posting a stop-work order and did not search or inspect the property, there was, as a matter of law, no search (*see Widgren v Maple Grove Twp.*, 429 F3d 575, 580-581 [2005], *reh and reh en banc denied* 2006 US App LEXIS 4078 [6th Cir,

Feb. 7, 2006]; *Artes-Roy v City of Aspen*, 31 F3d 958, 961-962 [1994]). Accordingly, the Supreme Court should have granted those branches of the defendant's motion which were for summary judgment dismissing the third and fourth causes of action alleging violations of civil and constitutional rights.

The defendant also was entitled to summary judgment dismissing the first and sixth causes of action alleging trespass. Trespass is an intentional entry onto the land of another without justification or permission (*see Long Is. Gynecological Servs. v Murphy*, 298 AD2d 504 [2002]; *Golonka v Plaza at Latham*, 270 AD2d 667, 669 [2000]; *Augeri v Roman Catholic Diocese of Brooklyn*, 225 AD2d 1105, 1106 [1996]). Here, the defendant satisfied its prima facie burden establishing its entitlement to judgment as a matter of law by demonstrating that its officers were authorized to enter the plaintiff's land to post a stop-work order after having observed a violation of the Code of the Town of Riverhead (*see* Code of the Town of Riverhead §§ 52-12, 52-13). In opposition, the plaintiff failed to raise a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

In light of our determination, we need not address the parties' remaining contentions. Mastro, J.P., Santucci, Covello and Angiolillo, JJ., concur.