■ MARIE SCHULTES, Appellant, v DUANE KANE et al., Respondents. [856 NYS2d 684]—

Kane, J. Appeal from an order of the Supreme Court (Dowd, J.), entered October 6, 2006 in Chenango County, which, among other things, granted defendants' motions to dismiss the complaint.

In August 2001, approximately 30 years after plaintiff and defendant Duane Kane were divorced, Kane had the bodies of four of their children disinterred from a plot jointly owned by plaintiff and Kane, and reinterred them in a plot he purchased near his parents' graves in the same cemetery owned by defendant Afton Glenwood Cemetery Association, Inc. The grave markers were moved at the same time or soon thereafter. Plaintiff did not become aware that the bodies had been moved until July 2005. Less than two months later, plaintiff commenced this action alleging intentional infliction of emotional

distress, negligent infliction of emotional distress and wrongful disinterment. Defendants moved to dismiss the complaint based upon the statute of limitations. Plaintiff cross-moved for leave to amend her complaint to add a cause of action for desecration of a grave, and for partial summary judgment on liability. Supreme Court granted defendants' motions by dismissing the complaint in its entirety, and denied plaintiff's cross motion in its entirety. Plaintiff appeals.

The statutes of limitations do not bar plaintiff's causes of action for intentional infliction of emotional distress and negligent infliction of emotional distress. "[A]s a general proposition, a tort cause of action cannot accrue until an injury is sustained. That, rather than the wrongful act of defendant or discovery of the injury by plaintiff, is the relevant date for marking accrual" (*Kronos, Inc. v AVX Corp.*, 81 NY2d 90, 94 [1993] [citations omitted]; *see Ackerman v Price Waterhouse*, 84 NY2d 535, 541 [1994]; *Andrew Greenberg, Inc. v Svane, Inc.*, 36 AD3d 1094, 1099 [2007]). Because extreme emotional distress is an element of each of these causes of action, and plaintiff could not truthfully allege all of the elements until she suffered this element of injury, these causes of action did not accrue until she suffered distress as a result of learning that her children's bodies had been disinterred (*see Long v Sowande*, 27 AD3d 247, 249 [2006]; *Dana v Oak Park Marina*, 230 AD2d 204, 210 [1997]; *Augeri v Roman Catholic Diocese of Brooklyn*, 225 AD2d 1105, 1106 [1996]). As plaintiff commenced the action within two months after these causes of action accrued, the statutes of limitations had not expired (*see* CPLR 214 [5]; 215 [3]; *Yong Wen Mo v Gee Ming Chan*, 17 AD3d 356, 358-359 [2005]).

Addressing plaintiff's motion for partial summary judgment, we may search the record and grant judgment to any party without the necessity of a separate motion seeking that relief (*see* CPLR 3212 [b]). A cause of action for negligent infliction of emotional distress generally requires plaintiff "to show a breach of a duty owed to her which unreasonably endangered her physical safety, or caused her to fear for her own safety" (*Graber v Bachman*, 27 AD3d 986, 987 [2006]; *see Miller v Chalom*, 269 AD2d 37, 40 [2000]), but an "exception permits recovery for emotional harm to a close relative resulting from negligent mishandling of a corpse" (*Johnson v State of New York*, 37 NY2d 378, 382 [1975]). Nothing in the record reveals any mishandling of the bodies here, which apparently remained encased in the caskets during the disinterment and reinterment (*see Estate of LaMore v Sumner*, 46 AD3d 1262, 1264 [2007]). Further, New York courts do not recognize a cause of action for wrongful dis-

interment (*see id.* at 1263; *Orlin v Torf,* 126 AD2d 252, 255 [1987], *lv denied* 70 NY2d 605 [1987]). Accordingly, those causes of action should be dismissed on this ground.

While defendants admit that they disinterred the bodies of plaintiff's children, those admissions do not establish plaintiff's entitlement to summary judgment on the issue of liability for intentional infliction of emotional distress. Plaintiff's counsel conceded at oral argument, and our search of the record confirms, that there is no proof that Afton Glenwood acted with intent to cause emotional distress or reckless disregard that such distress would be caused, requiring dismissal of that cause of action as against this defendant. As against Kane, that cause of action cannot be resolved without further development of the record.

Plaintiff was not entitled to amend her complaint to include a cause of action for desecration of a grave. While the Court of Appeals has recognized this cause of action (*see Gostkowski v Roman Catholic Church,* 262 NY 320, 324 [1933]), such a cause of action accrues when the graves are molested. Because the action here was commenced more than four years after the graves were disturbed, plaintiff may not amend her complaint to add this time-barred cause of action (*see Scott v Grumann-Olsen, Div. of Grumann Allied Indus.,* 146 AD2d 929, 930 [1989]).

Peters, J.P., Carpinello, Kavanagh and Stein, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted that part of defendants' motions dismissing plaintiff's cause of action for intentional infliction of emotional distress against defendant Duane Kane; motions denied to said extent; and, as so modified, affirmed.