(December 15, 2009)

■ ATLANTIC EXPRESS TRANSPORTATION CORP. et al., Respondents, v WEEKS MARINE, INC., Appellant, et al., Defendant. (And a Third-Party Action.) [892 NYS2d 437]—

The plaintiffs own a parcel of property in Richmond County, one side of which borders the Kill Van Kull waterway. That side of the property is protected by a revetment leading down into the Kill Van Kull. From approximately February 2000 through February 2002, under a contract with the United States Army Corps of Engineers to deepen the Kill Van Kull shipping channel, the defendant Weeks Marine, Inc. (hereinafter the appellant), performed blasting and dredging operations in the waters of the Kill Van Kull adjacent to the revetment which leads down into the water, and away from the plaintiffs' property. It is undisputed that sometime before October 2001, the plaintiffs

advised the appellant that its activities had damaged a building on their property (hereinafter the building damage). In response, the appellant advised the plaintiffs that it did not believe its activities had caused the damage. Sometime around February 2002, the third-party defendant Bean Stuyvesant, LLC (hereinafter Bean), also began to perform dredging and blasting operations in that same area pursuant to a subsequent contract with the United States Army Corps of Engineers.

In early to mid June 2003 the plaintiffs again complained about injury to their property, this time damage including that to an asphalt parking lot and surrounding area (hereinafter the parking lot damage). After an investigation, the defendant Contract Drilling and Blasting, Inc., a seismic consultant, concluded that the blasting "is unlikely to have caused" the conditions of which the plaintiff complained.

Subsequently, the plaintiffs engaged their own professional engineering consulting firm. After studying and investigating the matter, that consulting firm concluded that the parking lot damage was caused by the appellant's improper blasting in 2001-2002 which led to an initial weakening of the revetment. In one of its reports, the consulting firm further opined that the damage "to the slope [of the revetment] progressed slowly and out of view."

On June 9, 2006 the plaintiffs commenced this action by filing a summons with notice. Subsequently, a complaint was served, wherein the plaintiffs alleged that as a result of negligent, careless, or reckless excavations, dredging work and/or construction in the Kill Van Kull, the revetment was weakened and the combined action of waves, tides, and boat wakes on the now-weakened revetment eventually led to the damage to its building and surrounding areas. The appellant answered and subsequently served interrogatories, which were responded to by the plaintiffs. Thereafter, the appellant moved for summary judgment dismissing the complaint insofar as asserted against it on the ground that the action was barred by the applicable statute of limitations. The Supreme Court, in effect, denied that branch of the appellant's motion which was to dismiss, as time-barred, so much of the complaint as sought to recover damages for injury to property occurring subsequent to October 2001, i.e., the parking lot damage, insofar as asserted against it while, in effect, granting that branch of their motion which was to dismiss, as time-barred, so much of the complaint as sought to recover damages for injury to their building, about which they had complained to the appellant in October 2001.

The appellant established, prima facie, its entitlement to judg-

ment as a matter of law by showing that it had completed all of its blasting and dredging operations no later than February 2002, and therefore, this action would be time-barred since it was not commenced until June 2006, one year beyond the expiration of the applicable three-year statute of limitations (*see* CPLR 214 [4]; *Bassile v Covenant House*, 191 AD2d 188 [1993]; *see also MRI Broadway Rental v United States Min. Prods. Co.*, 92 NY2d 421, 427 [1998]; *Jensen v General Elec. Co.*, 82 NY2d 77 [1993]). However, in opposition, the plaintiffs demonstrated the existence of a triable issue of fact as to whether the blasting by the appellant, which occurred in 2001-2002 resulted in the parking lot damage which manifested itself sometime after June 9, 2003, and, thus, the cause of action to recover damages for the parking lot damage did not accrue until that time (*see Dana v Oak Park Marina*, 230 AD2d 204, 209-211 [1997]; *see also Schultes v Kane*, 50 AD3d 1277 [2008]; *Yong Wen Mo v Gee Ming Chan*, 17 AD3d 356 [2005]). Since this action was commenced on June 9, 2006, within three years of the time the plaintiffs alleged the parking lot damage occurred, summary judgment was properly denied as to that branch of the appellant's motion which was to dismiss so much of the complaint as sought to recover damages for the parking lot damage (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). However, the Supreme Court should have granted that branch of the appellant's motion which was for summary judgment dismissing so much of the complaint as sought to recover damages for any injury to property that occurred prior to June 9, 2003.

The appellant's remaining contentions are without merit. Skelos, J.P., Florio, Balkin and Leventhal, JJ., concur. ■