In an action, inter alia, to recover damages for violation of the right of sepulcher and negligent infliction of emotional distress, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Kerrigan, J.), entered March 4, 2009, as denied that branch of their motion which was to dismiss so much of the complaint as alleged a violation of the right of sepulcher and related claim for negligent infliction of emotional distress for failure to timely serve a notice of claim.
Ordered that the order is affirmed insofar as appealed from, with costs.
The plaintiffs seek to recover damages for, among other things, violation of the right of sepulcher and negligent infliction of emotional distress based on, inter alia, certain actions taken by personnel of the defendant Office of Chief Medical Examiner of the City of New York in connection with the autopsy of their deceased son. The plaintiffs contend, among other things, that their son’s body was returned to them after the autopsy without the brain and certain other organs and/or body parts, a circumstance which the plaintiffs did not discover until their receipt of the autopsy report months after the autopsy and burial of the decedent.
*1044 Contrary to the defendants’ contention, the claim with respect to so much of the complaint as alleged a violation of the right of sepulcher and related claim for negligent infliction of emotional distress in this case did not arise, and the 90-day period within which to serve a notice of claim in this action pursuant to General Municipal Law § 50-e (1) (a) did not commence running, on the date of the autopsy. Rather, they accrued at the time the plaintiffs became aware of the defendants’ actions and suffered mental anguish as a result (see Melfi v Mount Sinai Hosp., 64 AD3d 26, 32-40 [2009]; Schultes v Kane, 50 AD3d 1277, 1278 [2008]; Long v Sowande, 27 AD3d 247, 249 [2006]; Yong Wen Mo v Gee Ming Chan, 17 AD3d 356, 358-359 [2005]; Dana v Oak Park Marina, 230 AD2d 204, 209-210 [1997]). Accordingly, under the circumstances of this case, the plaintiffs’ notice of claim with respect to those portions of the complaint was timely served. We note that our decision in Cally v New York Hosp. Med. Ctr. of Queens (14 AD3d 640 [2005]) is not to the contrary, since the claim in that case was untimely under any of the accrual dates proffered by the parties, and we rejected therein the contention that the conduct at issue in that case constituted a continuing wrong.
The defendants’ remaining contention that the complaint was subject to dismissal on the ground of governmental immunity is without merit (see Shipley v City of New York, — AD3d —, 2010 NY Slip Op 06786 [2010] [decided herewith]). Mastro, J.P., Florio, Belen and Roman, JJ., concur.