■ DOROTHY TOPPIN et al., Appellants, v TOWN OF HEMPSTEAD et al., Respondents. [994 NYS2d 194]—

In an action, inter alia, to recover damages for violation of the common-law right of sepulcher, the plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Nassau County (Palmieri, J.), dated March 8, 2013, which granted the motion of the defendant Town of Hempstead pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against it, and the separate motion of the defendant Carl C. Burnett Funeral Home, Inc., in effect, pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against it, and thereupon dismissed the complaint.

Ordered that the order and judgment is affirmed, with one bill of costs.

The plaintiffs contend that the Supreme Court improperly converted motions in limine made by the defendant Town of Hempstead and the defendant Carl C. Burnett Funeral Home, Inc. (hereinafter Burnett), into motions for summary judgment (*see Rivera v City of New York*, 306 AD2d 456, 457 [2003]). They further contend that the court compounded its error by

entertaining the motions for summary judgment even though they were untimely and the defendants failed to provide excuses for the lack of timeliness (*see Brewi-Bijoux v City of New York*, 73 AD3d 1112, 1113 [2010]). The plaintiffs' contentions are without merit. As an initial matter, the Town expressly moved to dismiss the complaint, and clearly argued that the plaintiffs had failed to state a cause of action. While Burnett erroneously denominated its motion as a motion in limine, the Supreme Court, based on the arguments presented, properly construed it as a motion to dismiss for failure to state a cause of action. Unlike a motion for summary judgment, a motion to dismiss for failure to state a cause of action may be made at any time (*see Stolarski v Family Servs. of Westchester, Inc.*, 110 AD3d 980, 982 [2013]). Accordingly, the court properly assessed the merits of both motions.

Upon considering the merits, the Supreme Court properly granted the motions and dismissed the complaint insofar as asserted against both defendants. "The common-law right of sepulcher gives the next of kin the absolute right to the immediate possession of a decedent's body for preservation and burial or other disposition of the remains, and damages may be awarded against any person who unlawfully interferes with that right or improperly deals with the decedent's body" (*Mack v Brown*, 82 AD3d 133, 137 [2011]; *see Shipley v City of New York*, 80 AD3d 171 [2010]; *Melfi v Mount Sinai Hosp.*, 64 AD3d 26, 31 [2009]). The plaintiffs' sparse allegations that the defendants buried their decedent in the wrong grave and then re-interred him in the correct grave without their notice or consent failed to state a cause of action for violation of the common-law right of sepulcher (*see Estate of LaMore v Sumner*, 46 AD3d 1262, 1263-1264 [2007]; *cf. Henderson v Kingsbrook Jewish Med. Ctr.*, 91 AD3d 720, 720-721 [2012]). The plaintiffs similarly failed to state a cause of action for desecration of a grave (*see Brandenburg v St. Michael's Cemetery*, 92 AD3d 631, 631-633 [2012]). Moreover, no common-law cause of action for wrongful disinterment exists in New York (*see Schultes v Kane*, 50 AD3d 1277, 1278 [2008]; *Unz v Greenfield Cemetery*, 234 AD2d 360, 361 [1996]; *Orlin v Torf*, 126 AD2d 252, 255 [1987]). Lastly, the plaintiffs correctly concede that Not-for-Profit Corporation Law § 1510 (e) is inapplicable to this case (*see* N-PCL 1503 [a]). Mastro, J.P., Chambers, Sgroi and LaSalle, JJ., concur.