NICOLE PAILLIERE, Appellant, v TOWN OF HEMPSTEAD et al., Respondents. [19 NYS3d 179]—In an action, inter alia, to recover damages for negligent infliction of emotional distress, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Brown, J.), entered January 7, 2014, as granted those branches of the motion of the defendant Town of Hempstead and the cross motion of the defendant Carl C. Burnett Funeral Home, Inc., which were pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against each of them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The Supreme Court properly granted those branches of the motion of the defendant Town of Hempstead and the cross motion of the defendant Carl C. Burnett Funeral Home, Inc., which were pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against each of them. Accepting the allegations in the complaint as true, and affording the plaintiff the benefit of every favorable inference (*see Romanello v Intesa Sanpaolo, S.p.A.*, 22 NY3d 881, 884 [2013]; *Leon v Martinez*, 84 NY2d 83, 87-88 [1994]), the complaint failed to state a cause of action to recover damages for negligent inflic-

tion of emotional distress (see *Schultes v Kane*, 50 AD3d 1277, 1278 [2008]; *Estate of LaMore v Sumner*, 46 AD3d 1262, 1264 [2007]). The complaint also failed to state a cause of action to recover damages for desecration of a grave (see *Toppin v Town of Hempstead*, 121 AD3d 883, 884 [2014]; *Brandenburg v St. Michael's Cemetery*, 92 AD3d 631, 632 [2012]). Mastro, J.P., Dickerson, Austin and Maltese, JJ., concur.