OPINION OF THE COURT
Francois A. Rivera, J.
*824 Petition of Dorothy Doyle for an order pursuant to Religious Corporations Law § 9 allowing the removal of the remains of Bessie Murray (decedent) from Holy Cross Cemetery in Brooklyn, New York, for re-interment in Mount St. Mary’s Cemetery in Flushing, New York.
Background
On November 14, 2016, Doyle commenced the instant action for the disinterment and re-interment of the body of decedent, by filing an order to show cause and verified petition with the Kings County Clerk’s Office. There is no opposition to the instant application.
Motion Papers
Doyle’s motion papers consist of an order to show cause, an affirmation of counsel, a petition verified by Doyle, affidavit of Mary Murray (hereinafter Murray), a proposed order, and a notice of appearance and consent of Saint John’s Cemetery. Law and Application
The petition is brought under Religious Corporations Law § 9, which is entitled “Removal of human remains from one cemetery of a religious corporation to another cemetery owned by it.” As a threshold matter, courts are reluctant to require disturbance and removal of bodies that have once been buried because courts are sensitive to all those emotions that men and women hold for sacred in the disposition of their dead (see Yome v Gorman, 242 NY 395, 402 [1926]).
“The aversion to disturbance of [one’s] remains—it being an ordinary practice of the times to transfer bones from graves to the charnel-house—doubtless originated the choice by Shakespeare of his own epitaph:
“ ‘Good trend, for Jesus sake forbeare “ ‘To digg the dust encloased heare;
“ ‘Bleste be the man that spares thes stones,
“ ‘And curst be he that moves my bones.’ ” (Brunton v Roberts, 265 KY 569, 574, 97 SW2d 413, 416 [1936] [original spelling preserved].)
The statute sets forth two alternative methods by which human remains may be transferred between two commonly owned cemeteries. The first method of disinterment is through a determination of the trustees of the religious corporation, coupled with the requisite vote of the members of such corporation. This method, which was established by the statute since its enactment in 1909, is not invoked by the petitioner.
*825 The second method of disinterment is by “the surviving spouse or any heir of any decedent, upon obtaining permission ... of the supreme court in the district, where the cemetery from which the removal is proposed, is situated” (Religious Corporations Law § 9 [emphasis added]). The second method is invoked in this proceeding, since Holy Cross Cemetery is located in Kings County and the proposed cemetery of re-interment is owned by the same entity which owns Holy Cross Cemetery. The second method of disinterment was added to the statute in 1950 (L 1950, ch 224) and is still in effect today.
The verified petition states the following pertinent reasons for disinterment as follows. The petitioner is the last surviving friend of the decedent, and is the best friend of the decedent’s daughter, Murray. Prior to her passing, petitioner lived with the decedent for approximately 25 years, and petitioner has lived with Murray for approximately 40 years. Murray and petitioner currently live together and plan on doing so until their passing. There are no other immediate family members whose consents would be necessary for this disinterment. Murray’s affidavit contains two paragraphs. The first one states that she is the daughter of the decedent. The second paragraph states that she consents to the petition.
The petitioner is making this request because she would like the decedent to be re-interred with her best friend who was the petitioner’s mother, Anna Doyle. Further, she and Murray would like to pay their respects at the cemetery on holidays and anniversaries and it is more convenient if all of the remains were at Mount St. Mary’s. Lastly, petitioner and Murray intend to be laid to rest at Mount St. Mary’s near their beloved mothers and have actually already bought plots. Saint John’s Cemetery consents to the disinterment.
The record is silent on two critical issues. First, it is silent whether decedent’s daughter Mary Murray is an “heir” of decedent’s estate.[1] This is significant because, as more fully set forth below, the statute on which petitioner relies—Religious Corporations Law § 9—permits a transfer of decedent’s remains *826 on a petition of, as relevant herein, “any heir.”[2] The record contains no references to decedent’s estate or administration documents, and sheds no light when decedent died and when she was buried in Holy Cross Cemetery. Second the record contains no explanation whether it was decedent’s preference to be specifically buried in Holy Cross Cemetery or in the grounds of any Catholic cemetery.
In sum, the deficiency of the petition is twofold. First, petitioner has failed to make any showing to the court that Mary Murray is an “heir” of decedent under Religious Corporations Law § 9. Second, petitioner, albeit a close personal friend of decedent and of her daughter, has not demonstrated “[g]ood and substantial reasons” for disturbing “[t]he quiet of the grave” and “the repose of the dead” (Matter of Currier [Woodlawn Cemetery], 300 NY 162, 164 [1949]).[3] Accordingly, the petition is denied, and the proceeding is dismissed without prejudice to refile on proper papers.
Conclusion
The application of Dorothy Doyle for an order pursuant to Religious Corporations Law § 9 allowing the removal of the remains of Bessie Murray from Holy Cross Cemetery in Brooklyn, New York, for re-interment in Mount St. Mary’s Cemetery in Flushing, New York is denied.

. The fact that Mary Murray is decedent’s daughter does not automatically make her an “heir.” EPTL 2-1.1 provides that “[w]henever used in a statute or instrument, unless a contrary intention is expressed therein, the term “heirs’, ‘heirs at law’, ‘next of kin’ or any term of like import means the distributees, as defined in 1-2.5.” EPTL 1-2.5, in turn, defines a “distributee” as “a person entitled to take or share in the property of a decedent under the statutes governing descent and distribution.”

. In contrast, removal of human remains from a public cemetery corporation pursuant to Not-For-Profit Corporation Law § 1510 (e) requires consent of, among others, “the surviving . . . children, if of full age, and parents of the deceased.” This statute does not apply here because the cemetery here is owned and operated by a religious corporation (see N-PCL 1503 [a]; see also Toppin v Town of Hempstead, 121 AD3d 883, 884 [2d Dept 2014]).

. The “good and substantial reasons” requirement is typically imposed in the instances where disinterment is petitioned under N-PCL 1510 (e) (see Currier, 300 NY at 164 [decided under Membership Corporations Law § 89, the predecessor to N-PCL 1510 (e)]). There is no compelling reason why a parallel requirement should not be imposed in a Religious Corporations Law § 9 disinterment proceeding.