Matter of Upton v Town of Mooers (2026 NY Slip Op 01262)

Matter of Upton v Town of Mooers

2026 NY Slip Op 01262

Decided on March 5, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 5, 2026

CV-24-1678
[*1]In the Matter of Leroy Upton, Appellant,
vTown of Mooers et al., Respondents.

Calendar Date:January 13, 2026

Before:Aarons, J.P., Pritzker, Ceresia, Powers and Mackey, JJ.

Tully Rinckey, PLLC, Albany (Allen A. Shoikhetbrod of counsel), for appellant.
FitzGerald Morris Baker Firth, PC, Glens Falls (Michael Crowe of counsel), for respondents.

Powers, J.
Appeal from a judgment of the Supreme Court (Allison McGahay, J.), entered September 23, 2024 in Clinton County, which, among other things, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition.
In the 1960s, petitioner's family purchased six burial plots located in the New Riverside Cemetery situated within the confines of respondent Town of Mooers, Clinton County. In 2015, the Town acquired the cemetery. Following the death of his father in November 2022, petitioner planned for his father's burial in the last remaining, unoccupied plot which, because of family dynamics, was plot 5 of the previously purchased plots. Relevant to the claims raised herein, on the morning of the burial, the gravedigger summoned petitioner to the cemetery to ensure that this was the correct plot because customarily the last remaining plot would have been plot 6, rather than plot 5. Petitioner went to the cemetery and assured the gravedigger that the location was correct, and the burial went ahead as planned. A few weeks later, petitioner was informed by the funeral home that the Town had charged him certain additional fees, and, during the same period, petitioner's request to purchase an additional plot in the cemetery was apparently denied by the Town Supervisor, respondent Jeffrey Menard. Petitioner commenced this proceeding in March 2023, alleging causes of action sounding in intentional infliction of emotional distress, negligent infliction of emotional distress and seeking an equitable accounting related to the Town's operation of the cemetery. Respondents moved to dismiss and, in response, petitioner requested to compel discovery and to convert the claims for monetary damages into a plenary action pursuant to CPLR 103 (c). Supreme Court ultimately granted respondents' motion dismissing the proceeding and denied petitioner's requests. Petitioner appeals.
"On a motion to dismiss for failure to state a claim pursuant to CPLR 3211 (a) (7) or CPLR 7804 (f), [we] must accept the facts as alleged in the petition as true, accord [the] petitioner the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Matter of Clarke v Azar, 233 AD3d 1396, 1396-1397 [3d Dept 2024] [internal quotation marks and citations omitted], appeal dismissed 43 NY3d 999 [2025]; see Bennett v Bennett, 223 AD3d 1013, 1014 [3d Dept 2024]). "[W]here, as here, evidentiary material is considered on a motion to dismiss, the criterion is whether the proponents of the pleadings have a cause of action, not whether they have stated one" (Van Amburgh v Boadle, 231 AD3d 187, 189 [3d Dept 2024] [internal quotation marks and citations omitted]).
Petitioner's claims sounding in intentional and negligent infliction of emotional distress were properly dismissed. "The tort of intentional infliction of emotional distress predicates liability on the basis of extreme and outrageous conduct, which [*2]so transcends the bounds of decency as to be regarded as atrocious and intolerable in a civilized society" (Freihofer v Hearst Corp., 65 NY2d 135, 143 [1985] [citations omitted]; accord Demas v Levitsky, 291 AD2d 653, 660 [3d Dept 2002], lv dismissed 98 NY2d 728 [2002]). Whereas, "[a] cause of action for negligent infliction of emotional distress generally requires the [petitioner] to show a breach of a duty owed to him or her which unreasonably endangered his or her physical safety, or caused him or her to fear for his or her own safety" (Doe v Langer, 206 AD3d 1325, 1331 [3d Dept 2022] [internal quotation marks and citations omitted]; accord Calkins v Dernlan, 234 AD3d 1088, 1089-1090 [3d Dept 2025]).
Petitioner alleged essentially the same facts as the basis for both causes of action — namely, that the treatment of petitioner's father's body and the refusal of the request to purchase the additional burial plot was intended to cause emotional harm. Additionally, he alleged that respondents were negligent in not knowing in which plot petitioner's father was to be buried, overcharging petitioner and refusing to sell the additional plot, which resulted in emotional harm. During petitioner's General Municipal Law § 50-h examination, he clarified that the gravedigger employed by the Town was away and, therefore, a gravedigger had to be beckoned from a neighboring town. This gravedigger called petitioner on the morning of the funeral to confirm that the correct burial site was being dug, and, as a result, petitioner went to the cemetery to confirm where to dig. Petitioner also described that he was charged additional fees by the Town, which were later cancelled, and that, although eventually acquiesced to, his request to purchase another burial plot from the Town was initially denied.
These facts fail to amount to conduct which is so extreme and outrageous that it transcends the bounds of decency as is necessary to have a claim for intentional infliction of emotional distress (see Loch Sheldrake Beach & Tennis Inc. v Akulich, 141 AD3d 809, 815 [3d Dept 2016], lv dismissed 28 NY3d 1104 [2016]; Demas v Levitsky, 291 AD2d at 660). Nor did the conduct in question unreasonably endanger petitioner's physical safety or cause him to fear for his safety as required to make a claim for negligent infliction of emotional distress (compare Calkins v Dernlan, 234 AD3d at 1092; Doe v Langer, 206 AD3d at 1331), and, despite petitioner's urging to the contrary, the exception for mishandling of a corpse does not extend to these facts (see Pailliere v Town of Hempstead, 133 AD3d 729, 729-730 [2d Dept 2015]; Schultes v Kane, 50 AD3d 1277, 1278 [3d Dept 2008]; Estate of LaMore v Sumner, 46 AD3d 1262, 1264 [3d Dept 2007]; see generally Toppin v Town of Hempstead, 121 AD3d 883, 884 [2d Dept 2014], lv denied 24 NY3d 913 [2015]; Unz v Greenfield Cemetery, 234 AD2d 360, 361 [2d Dept 1996]). Accordingly, respondents' motion to dismiss these causes of action was properly granted[*3].
As to petitioner's claim seeking an accounting, "[t]he basis for an equitable action for an accounting is the existence of a fiduciary or trust relationship respecting the subject matter of the controversy. The fiduciary relationship necessary to obtain an accounting is created by the [petitioner] entrusting to the [respondent] some money or property with respect to which the [respondent] is bound to reveal his [or her] dealings" (Bouley v Bouley, 19 AD3d 1049, 1051 [4th Dept 2005] [internal quotation marks, brackets, ellipsis and citation omitted]; see Matter of Lost Lake Holdings LLC v Town of Forestburgh, 225 AD3d 1020, 1023 [3d Dept 2024]). Neither the facts as pleaded, specifically the Town's operation and maintenance of the cemetery, or the general obligations set forth in Town Law article 17 create a fiduciary relationship between the Town and petitioner (see Matter of Lost Lake Holdings LLC v Town of Forestburgh, 225 AD3d at 1024; Giambrone v Arnone, Lowth, Wilson, Leibowitz, Adriano & Greco, 197 AD3d 459, 462 [2d Dept 2021]; Dee v Rakower, 112 AD3d 204, 214 [2d Dept 2013]; Bouley v Bouley, 19 AD3d at 1051). We note that petitioner is not without recourse inasmuch as he may be able to seek the sought-after financial records through a Freedom of Information Law request (see generally Public Officers Law art 6). However, no such request is before the Court at this juncture. Thus, Supreme Court did not err in granting respondents' motion to dismiss the claim for an equitable accounting.
Finally, because no viable causes of action remain, Supreme Court did not err in failing to convert the proceeding into a hybrid proceeding/action (see CPLR 103 [c]; Matter of Johnson v Annucci, 146 AD3d 1259, 1260 [3d Dept 2017]; compare Hodges v Beattie, 68 AD3d 1597, 1598 [3d Dept 2009]).
Aarons, J.P., Pritzker, Ceresia and Mackey, JJ., concur.
OREDERED that the judgment is affirmed, without costs.